Argued at Pendleton May 4, affirmed June 21, 1921.

## IN RE ESTATE OF JACKSON NELSON, DECEASED.

### JOHNSON *v.* TAYLOR ET AL.

(198 Pac. 892.)

**Appeal and Error—Attorney of Another State not Admitted Within the State cannot Sign Notice of Appeal.**

1. Under Sections 1074, 1078, Or. L., defining "attorney" and Sections 1081 and 1093–1, providing for appearance by attorneys of other states and for their admission to practice, an attorney admitted to practice in two other states, but not in Oregon, is not an attorney who can sign a notice of appeal under Section 550.

**Appeal and Error—Notice Signed by One not Party or Attorney Does not Give Jurisdiction.**

2. A notice of appeal is jurisdictional, and must comply with every requirement of the law, and therefore a notice not signed by the party or by a regularly admitted attorney of the court as required by Section 550, Or. L., is ineffectual for any purpose.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This is an appeal from an order of the Circuit Court dismissing the appeal of Lee Johnson from an order of the County Court, which latter order was made in the course of certain probate proceedings the particulars of which are as follows: In October, 1919, Jackson Nelson died in Umatilla County, Oregon,

leaving a will whereby he appointed David Taylor his executor, providing that in case David Taylor should die before the testator, T. D. Taylor and sons of David Taylor should be joint executors. The will was admitted to probate on October 27th and David Tayyor was designated by the court as executor. David Taylor died on March 29, 1920, and on April 28th Lee Johnson filed a petition to be appointed administrator with the will annexed, of the estate of Jackson Nelson, on the ground that he was the principal creditor of said estate. On the same date T. D. Taylor and W. R. Taylor filed a petition to be appointed executors and administrators with the will annexed of said estate, setting up the provisions of the will designating them under certain circumstances to be executors, and that David Taylor was the chief beneficiary under the will of Jackson Nelson. Thereupon the County Court, on May 5, 1920, made an order appointing the Taylors as executors and administrators with the will annexed of said estate. A notice of appeal, regular in form, was served upon the Taylors, which notice was subscribed, "J. W. Brooks, Attorney for Petitioner Lee Johnson." Brooks was a regularly admitted attorney in North Carolina and was a regularly admitted and practicing attorney of the State of Washington, but had not been admitted to practice in Oregon at that time, or at any other time previous to the hearing of the motion hereinafter referred to. On July 7, 1920, on motion of James A. Fee, attorney for the Taylors, the appeal was dismissed for the reason that the notice of appeal was not signed by the petitioner or by any attorney authorized to practice in this state. From this order the petitioner Johnson appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. W. Brooks.*

For respondents there was a brief over the name of *Messrs. Fee & Fee,* with an oral argument by *Mr. James A. Fee.*

McBRIDE, J.—Section 550, Or. L. (Olson's Compilation), provides that a party desiring to appeal shall ''cause a notice signed by himself or attorney to be served upon the adverse party.'' Section 1074 defines ''attorney'' as follows:

''An attorney is a person authorized to appear for and represent a party, in the written proceedings in any action, suit, or proceeding, in any stage thereof: An attorney, other than the one who represents the party in the written proceedings, may also appear for and represent a party in court, or before a judicial officer, and then he is known, in the particular action, suit, or proceeding, as counsel only, and his authority is limited to the matters that transpire in the court or before such officer at the time.''

Section 1076 is as follows:

''An attorney is a public officer, but any person may act in that capacity who has been admitted as such by the Supreme Court of this state, or may hereafter be admitted, as provided in this chapter.''

Section 1081 provides that:

''Whenever it appears that a person of any other state or country is an attorney of the highest court of record in such state or country, he may appear as counsel for a party in a particular action, suit, or proceeding then pending in court, or before a judicial officer of this state, but not otherwise; provided, however, that upon proof that he is a person of good moral character, which may be proved by any evidence satisfactory to the court, he may be admitted generally, by the Supreme Court, as an attorney, in

all respects, as if he were a citizen of this state, and shall be permitted to practice in all courts of this state; provided, that the state or country of which such applicant is a resident or citizen admits to its bar and to practice in its courts, attorneys who are citizens of this state.''

Section 1093-1 provides that:

''It shall be unlawful for any person, firm, association of persons or corporation to engage in the practice of law within the State of Oregon after the taking effect of this act, without first having been duly admitted and licensed as an attorney at law in the courts of this state.''

1, 2. From a mere inspection of these sections it clearly appears that Mr. Brooks was not an attorney within the meaning of our laws; and, not being so, he had no authority to sign a notice of appeal. A notice of appeal is jurisdictional and every requirement of the law prescribing the time and means of taking the appeal is jurisdictional and cannot be waived either by the parties or the court. A notice not signed by the party or by a regularly admitted attorney of this court is ineffectual for any purpose.

The decree of the Circuit Court is affirmed.

AFFIRMED.