STATE

*vs.*

GEORGE B. FLETCHER.

Androscoggin.    Opinion March 31, 1927.

*To admit statements of an agent not made in the presence of the principal, a prima facie case of agency must first be established aliunde by the party offering the testimony.   The statements must also be a part of the res gestae and made in connection with acts within the scope of the agent's authority.*

*· The evidence to establish a prima facie case of agency is such as would alone and unexplained warrant a jury in finding that agency existed.*

Without other evidence limiting his authority, a jury would be warranted in concluding that a son of sufficient age and maturity to be left in charge of a farm in the absence of the father and owner on other business would be authorized to sell the ordinary farm products.

In this case it was still a question for the jury, upon all the evidence, under proper instructions by the Court, whether agency was in fact established and the statements of the son properly considered in arriving at their verdict.

Authority to sell for a lawful purpose might have brought the case within section 21 of chapter 127, R. S., if the charge had been a single sale, and the evidence sufficient to convict of an unlawful sale.   Unlawful selling of intoxicating liquors renders a place a nuisance under chapter 23, R. S.

On exceptions. The respondent was jointly indicted with his son, Claude, for keeping and maintaining a common liquor nuisance. The son pleaded guilty. The respondent was tried and found guilty. During the trial exceptions by respondent were entered to the admission of certain testimony. Exceptions overruled. Judgment for the State.

The case is fully stated in the opinion.

*Benjamin L. Berman, County Attorney, and Elton H. Fales, Assistant County Attorney,* for the State.

*Edgar M. Briggs and Clifford & Clifford,* for the respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, BASSETT, JJ.

WILSON, C. J. The respondent was indicted for keeping and maintaining a common nuisance. In the course of the trial certain evidence was offered by the state, and admitted subject to exceptions, of statements made by a son of the respondent to the officers in the absence of the respondent.

The bill of exceptions as construed by the respondent's counsel, though somewhat ambiguous, sets forth that the officers on three occasions visited the farm of the respondent on which he lived with his wife and son, and on each occasion found the son at work on the farm and in charge during the absence of the respondent who was away on the road selling goods a greater part of the time.

On each of the first two visits, the officers purchased of the son a gallon of cider and on the third visit seized eight hundred and seventy-five gallons of cider, a jar containing alcohol, and a keg containing what is described as "home brew beer."

The respondent's counsel seasonably objected to the testimony of the officers as to statements made by the son at the time of the purchase incriminating the father upon the ground that no agency had been shown. It is not entirely clear from the bill of exceptions just what evidence of agency was before the court at the time the declarations were offered. The burden, however, is on the respondent to show he was aggrieved.

The rule governing the admissibility of such evidence is that, unless received *de bene,* a *prima facie* case of agency must be first established *aliunde* by the party offering the testimony and the statements

offered must also be a part of the *res gestae* and made in connection with acts within the scope of the agent's authority. Greenleaf Ev. (16th Ed.) Vol. 1, section 184 a, b, c; Wharton Criminal Evidence (9th Ed.) Vol. 11, section 695; Underwood Criminal Evidence, 3rd Ed., sec. 718; *Hazeltine* v. *Miller*, 44 Me., 177, 183; *Com.* v. *Mac-Kenzie*, 211 Mass., 578; *Com.* v. *Riches*, 219 Mass., 433.

The evidence necessary to establish a *prima facie* case of agency is such evidence as would alone and unexplained warrant a jury in finding that agency existed. *State* v. *Intox. Liquors*, 80 Me., 57; *Com.* v. *Kimball*, 24 Pick., 366, 373; See Title, Words and Phrases.

No objection was raised at the trial that the statements made by the son were not made in connection with one of the sales, and it can not now be urged before this Court. The question raised by the exceptions, therefore, is not whether upon all the evidence in the case such agency was established, but whether upon the evidence before the Justice at the time the declarations were admitted, if unexplained or not denied, the jury would have been warranted in finding that agency existed, and the son in selling the cider was acting within the scope of such agency, though if from other competent evidence later introduced the agency was established, a respondent might not be aggrieved by the receipt of such evidence before it was properly admissible. *Com.* v. *Riches, supra.* The last proposition, however, is not urged by the state in this case.

From the bill of exceptions, as construed by the respondent's counsel, it appears that at the time the evidence was offered it had been shown or was admitted that the respondent was the owner of the farm and the products thereof, including the cider, but that his principal occupation was that of a traveling salesman; that the son, in the absence of the father "on the road", was in charge of the farm; that on two occasions the son had sold a quantity of the cider, presumably with the intent that it should be used as a beverage, since the bill of exceptions states it was "intoxicating cider" that was sold; that there was on the premises a quantity of alcohol and a keg of "home brew beer."

Under such circumstances, unexplained, would a jury have been warranted in finding that the son in selling the cider was selling as agent of the father and acting within the scope of his agency?

We think the evidence was sufficient to justify the admission of the declarations. It was still a question for the jury under instruc-

tions of the court, whether the agency is established and the declarations can be considered by the jury in arriving at their verdict. Without other testimony limiting his authority, a jury would be warranted in concluding that a son of sufficient age and maturity to be in charge of a farm, while the father was absent over more or less protracted periods in the prosecution of another business than that of farming, would be authorized to sell the products of the farm, including cider,—at least for the lawful purpose of being made into vinegar—according to the usual practice of farmers. Proof of a mere farm laborer or the ordinary relation of master and servant, might not be sufficient to authorize a finding of authority to sell products of a farm, but proof of a son of sufficient maturity to take charge in the absence of the father upon other business might warrant a finding by the jury of broader authority.

We must assume that the presiding Justice, if further evidence was offered in explanation or denial of the circumstances proved, or admitted, at the time the declarations of the alleged agent was received and tending to establish agency, properly instructed the jury that, notwithstanding the declarations had been admitted in evidence, before giving any weight to them, it was still a question for the jury to find, and solely from the evidence outside of the declarations, that agency actually existed, and if they could not so find, the incriminating declarations must be disregarded by them in arriving at their verdict. By their verdict they found the agency established.

Authority to sell for a lawful purpose, if the charge in the case at bar had been a single sale, might bring the case under section 21 of chapter 127 R. S., *State* v. *Wentworth,* 65 Me., 234; *State* v. *Brown,* 31 Me., 520; *Com.* v. *Nichols,* 10 Met., 259; *Com.* v. *Holmes,* 119 Mass., 195; *Com.* v. *Uhrig,* 138 Mass., 492; *State* v. *Lundgren,* 124 Minn., 162; and the evidence in the case be sufficient to convict the respondent of unlawful sales. Unlawful selling of intoxicating liquors is sufficient to render premises a nuisance and the keeper or person selling liable under chapter 23 R. S. Upon the record we think the exceptions must be overruled.

*Exceptions overruled.*
*Judgment for the State.*