STATE OF MAINE *vs.* AMY I. STUART.

Androscoggin.    Opinion, July 12, 1933.

*Frank T. Powers,*
*A. F. Martin,* for the State.
*Benjamin L. Berman,*
*David V. Berman,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

·STURGIS, J. About six o'clock in the evening of September 13, 1932, the respondent threw a bowl of carbolic acid at her husband, Otis Stuart, the acid striking him in the face and on his head and chest. He died almost immediately. The respondent was indicted and tried for manslaughter and, although she set up the defense that the acid was thrown accidentally and in self-defense, and the death of her husband resulted from acute alcoholism, the jury returned a verdict of guilty. The case comes forward on Exceptions.

## EXCEPTION NO. 1.

The respondent objected to the admission of several photographs of the body of the deceased which were taken on the morning after his death. These pictures appear to have been carefully and accurately made by the photographer and to fairly represent the appearance of the body after death. Necessarily, the photographs depicted the gruesome ravages of the acid, but they were competent evidence and admissible. The propriety of allowing these exhibits to go to the jury and their usefulness as evidence were matters resting solely in the discretion of the presiding Justice. It not appearing that there was an abuse of judicial discretion, an exception does not lie. *State* v. *Jordan,* 127 Me., 116; *State* v. *Hersom,* 90 Me., 273.

## EXCEPTION NO. 2.

Dr. Ernest V. Call was permitted to testify as an expert for the defense and gave the opinion that the death of the respondent's husband was due to acute alcoholism rather than the effects of the

acid which struck him. Dr. Julius Gottlieb, a specialist in pathology, who performed the autopsy, and a witness for the State, was also allowed to qualify as an expert and subjected to extended direct and cross examinations upon the medical and chemical questions involved in the case. Near the end of his final direct examination, he was asked:

"Q. Doctor, in your opinion would Otis Stuart have died on the 13th of September last had not that phenol been thrown in his face?"

Counsel for the respondent objected and gave as a summary of his grounds:

"We find that the Doctor, by his own testimony, is not competent or qualified to give us an opinion on that particular question."

The presiding Justice, in ruling, then said:

"That is a matter of argument for the jury as to the competency of the expert. Defense's expert, Dr. Call, was allowed to state his opinion with much less basis to go upon than Dr. Gottlieb."

Exception was reserved on the ground that this statement by the Court was an expression of opinion prohibited by R. S., Chap. 96, Sec. 104.

It is well settled that this statute, if it is not to be held to trench upon the prerogative of the Court, must be strictly construed. *State* v. *Day*, 79 Me., 120, 125. The prohibition is that the presiding Justice shall not express an opinion upon "issues of fact arising in the case." Obviously, the statute has reference to issues to be determined by the jury. It can have no application to questions addressed only to the Court, even if they involve issues of fact.

The competence of an expert witness with respect to his knowledge, his special skill or experience, that is, whether he possesses the requisite qualifications to enable him to testify as an expert, is a question exclusively for the Court. *State* v. *Thompson*, 80 Me., 194, 200; *Marston* v. *Dingley*, 88 Me., 546; *Conley* v. *Gas·Light Company*, 99 Me., 57. This is a well-established rule of evidence of which every member of the Bench and Bar is cognizant and fre-

quently applies in the trial of cases. We are confident that, if the stenographic report of the colloquy in controversy is correct, the learned trial Judge, in saying that the competency of the expert was a matter of argument for the "jury," unintentionally substituted "jury" for "judge." We must also assume that this misstatement of the law, if made, was fully corrected in the instructions later given the jury. The presumption is that the presiding Justice in his charge correctly stated all questions of law in issue.

When the remarks complained of were made, the competency of the expert on the stand, not the weight to be given his testimony nor his credibility, was under consideration. The objection of counsel was directed specifically to competency and the reply or comment of the trial Judge seems to have been intended to apply only to that question and capable of no other reasonable interpretation. The comparison made was between the basis upon which Dr. Call had been *allowed* to state his opinion and that established by the evidence in proof of Dr. Gottlieb's qualifications. The sufficiency of the respective qualifying bases was for the Court to determine. If an expression of opinion may be inferred from the language used, it was not upon an issue of fact before the jury.

EXCEPTION NO. 4.

There was no error in the exclusion of the answer to a hypothetical question propounded to Dr. Gottlieb calling for an opinion as to whether the chemical reaction obtained from the phenols of putrefaction in the human body was the same as that of carbolic acid. The Bill of Exceptions shows that the chemist in the case had already testified without contradiction that carbolic acid is one of a number of chemicals known as a phenol and that all the phenols give the same chemical reaction. A reading of the record indicates that the cross-examiner was attempting to confirm the identity of these reactions through this witness, and desired an affirmative answer to his interrogatory. This would have at best furnished cumulative evidence of a fact already proven. The respondent was not prejudiced by the ruling below.

All other Exceptions being waived, the entry is

*Exceptions overruled.*
*Judgment for the State.*