## 29644. BURGER v. BURGESS.

HILL, Justice.

This is an appeal from the denial of a petition for writ of mandamus against the Honorable Theron Burgess, Clerk of the Superior Court of DeKalb County. In order to understand what precipitated the petition for mandamus, it is necessary to consider the developments which led up to its filing.

Fritz John Burger was indicted on May 14, 1973, for the offense of theft by receiving stolen property namely 258 cases of cheese, plus wooden pallets, valued at $5,000. On May 22, he was arraigned while represented by Georgia counsel and pled not guilty. After several continuances, on March 29, 1974, he changed his plea to guilty and was sentenced to serve 18 months in the penitentiary concurrently with a probated 3-year sentence previously imposed. Thereafter, upon motion of a California attorney he was allowed to withdraw his guilty plea with consent of the court. Between the time of being sentenced and the time of withdrawing that plea, he served 10 days.

After withdrawal of his guilty plea, Burger filed a

motion to dismiss the indictment alleging he had been denied a speedy trial, which motion was denied. He then chose June 17, 1974, from three available trial dates. On June 17, he appeared in court without his California trial attorney, announced that his California attorney could not be present until June 19, was held in contempt of court by the Honorable H. O. Hubert, Jr., Judge, and was sentenced to serve 10 days in jail. Subsequently his California attorney was found in contempt of court also.

A petition for writ of habeas corpus was filed on Burger's behalf on June 21, 1974. On June 28, Burger's California counsel appeared but was advised by the Honorable Clyde W. Henley, Judge, that he would no longer be granted the privilege of practicing law in DeKalb Superior Court without benefit of local counsel. The habeas hearing was continued. On July 24, Burger's Georgia counsel appeared and withdrew from representing him. His habeas petition was denied as moot on July 24, Burger having been released on June 26.

On August 20, 1974, a bill of exceptions assigning error on the order denying the petition for habeas corpus bearing the name of the Georgia lawyer who had withdrawn and signed by the California attorney was received by the Clerk of the Superior Court. The bill of exceptions was not signed by the client and hence was not entitled to treatment as a pro se notice of appeal.

Upon order of the trial judge, the clerk returned the bill of exceptions to California counsel by letter advising him that bills of exceptions had been abolished in 1965. The petition for writ of mandamus to require the clerk to file the bill of exceptions was filed by the California attorney on October 10, 1974. After hearing, the mandamus was denied on the basis that the privilege of practicing in DeKalb Superior Court previously afforded the California attorney who sought to file the bill of exceptions had been revoked prior to the attempted filing thereof. This appeal, by Georgia counsel, followed.

Appellant contends that his bill of exceptions contained all the requirements of a notice of appeal (Code Ann. § 6-802), and that under Code Ann. § 24-2715 (2) the clerk was required to file it. Appellant does not address the basis of the order denying the writ of mandamus.

· Although admission to the bar of this state by comity has been abolished by Rule 2-101 of the State Bar of Georgia as amended December 17, 1974, a court retains the inherent, discretionary power to permit and authorize a nonresident attorney licensed to practice law in another state to practice before the authorizing court in isolated cases. *Pence v. Seaboard C. L. R. Co.,* 128 Ga. App. 161 (196 SE2d 182); Rule 1-203 of the State Bar of Georgia (Code Ann. Title 9, Appen. 1-203). Because this is an inherent, discretionary power of the court, the authorizing court has the power to condition or revoke such authorization. In the case before us, appellant does not contend that unreasonable conditions were imposed or that the privilege was revoked without cause.

Once the privilege of an attorney from another state to practice before a court in this state has been revoked and the clerk is ordered not to file pleadings signed only by such attorney, the clerk is without authority to file such papers. The court below did not err in denying the petition for writ of mandamus seeking to compel the clerk to file the bill of exceptions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 10, 1975 — DECIDED MAY 13, 1975.

*Leslie N. Shade, Jr.,* for appellant.
*Wendell K. Willard, Richard Bell, District Attorney, M. Randall Peek,* for appellee.