**STATE of Maine**

v.

**Harvey WOODWARD.**

Supreme Judicial Court of Maine.

March 30, 1978.

---

William P. Donahue, Dist. Atty., Eric Cote (orally), Asst. Dist. Atty., Alfred, for plaintiff.

Barrett & McNeill Professional Association by John T. Barrett (orally), Durham, N. H., Bruce A. Whitney, South Berwick, John G. Richardson, Rochester, N. H., for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

On April 19, 1977, defendant, of Durham, New Hampshire, was sentenced in the Superior Court in York County to pay a fine of $650.00 on his plea of "nolo contendere" to a "Uniform Traffic Ticket and Complaint" charging a violation of 29 M.R.S.A. § 1652(2)(B), namely: "Operating Over Tandem Axle [weight]" by 36%. Section 1654 specifies a fine of $650.00 for this overweight percentage.

On May 2, 1977, a "Notice of Appeal," dated April 28, 1977, was filed, *signed only by a non-resident attorney.* The record does not disclose any motion by a resident attorney that the non-resident be permitted to practice in this matter.

The foregoing is not in compliance with Rule 61(a), M.R.Crim.P.[1]

■ We have the power, even on judicial notice alone (since the State does not raise the point in its brief), to act on matters so vital to the public interest and which affect our jurisdiction. *Bennie v. Triangle Ranch Co.,* 73 Colo. 586, 216 P. 718 (1923); *State ex rel. Mather v. Carnes,* Mo.App., 551 S.W.2d 272, 288 (1977).

Other jurisdictions agree, on facts similar to those before us, that pleadings signed

---

1. "Any member in good standing of the bar of the highest court of any state may at the discretion of the court, on motion by a member of the bar of this state who is actively associated with him in a particular action, be permitted to practice in that action. The court may at any time for good cause revoke such permission without hearing. An attorney so permitted to practice in a particular action shall at all times have associated with him in such action a member of the bar of this state, upon whom all process, notices and other papers shall be served and who shall sign all papers filed with the court and whose attendance at any proceeding may be required by the court."

only by non-resident attorneys are without legal efficacy. *See Burger v. Burgess,* 234 Ga. 388, 216 S.E.2d 294 (1975); *Bradley v. Sudler,* 172 Kan. 367, 239 P.2d 921 (1952); *Northwest Nat. Ins. Co. of Milwaukee, Wis. v. Averill,* 149 Or. 672, 42 P.2d 747 (1935); *In re Nelson's Estate,* 101 Or. 14, 198 P. 892 (1921); *Anderson v. Coolin,* 27 Idaho, 334, 149 P. 286 (1915).

 Since the notice of appeal was not signed either by the defendant or by Maine counsel, it becomes a nullity. Only where there has been a compliance with Rule 61(a), M.R.Crim.P., may a non-member of the Maine Bar participate in proceedings in the Maine courts, and even then all papers filed with the court must be signed by Maine counsel. Our jurisdiction to hear and decide an appeal is premised on proper filing of a notice of appeal signed by the appellant or appellant's attorney. Rule 37(b), M.R.Crim.P. That basic requirement was ignored in this case. We lack jurisdiction to decide this appeal.[2]

The entry is:

Appeal dismissed.

DELAHANTY, J., did not sit.

---

**2.** Appellant has argued that since the vehicle was "loaded with sawed lumber" he was entitled to the benefit of 29 M.R.S.A. § 1655 which, by increasing the allowable tonnage for that type of cargo to "46,000 pounds for a tandem axle unit," would decrease the overage to 12% and result in a fine of $140.00. *See* 29 M.R. S.A. § 1654.

Appellant did not cause any record of the sentencing procedure to be made available for our consideration. The argument in a brief is not an appropriate substitute for the trial record. However, assuming the truth of the facts as argued, appellant's interpretation of the statute is erroneous. The "Uniform Traffic Ticket" alleged a *gross weight of 51,900 pounds, thus* exceeding the 46,000 pounds allowed for "sawed lumber" by Section 1655. Such being the case, the statute *as it then stood* did not authorize the tolerance claimed by the appellant in reduction of the fine, which was statutorily predetermined. While a vehicle might lawfully haul "sawed lumber" if the weight was not more than 46,000 pounds, once that tolerance was exceeded the penalty provisions of Section 1654 became operative.