STATE of Maine

v.

Robert W. LANG.

Supreme Judicial Court of Maine.

Jan. 26, 1979.

---

David M. Cox, Dist. Atty., Margaret Kravchuk, Asst. Dist. Atty. (orally), Dover-Foxcroft, for plaintiff.

C. W. & H. M. Hayes Law Offices by Kevin Stitham (orally), Dover-Foxcroft, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY and GODFREY, JJ.

PER CURIAM.

Appealing from a conviction for unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C), the defendant, Robert W. Lang, assigns as his single point of error that he was not convicted by an impartial jury.

We deny the appeal.

The gist of the defendant's argument is that four jurors in his trial were among the jurors in the immediately preceding trial which had convicted another individual of a like offense [17–A M.R.S.A. § 255(1)(A)] upon another victim before the same presiding Justice. He further argues that under such circumstances and with the underlying facts of both cases virtually identical we should invoke our obvious error exception. M.R.Crim.P. 52(b).

Defendant acknowledges that he made no objection, general or specific, to the jury makeup. On the contrary, when asked by the presiding Justice whether the jury was satisfactory, defendant responded in the affirmative. He offers no reason why we should not invoke our rule that failure to raise an objection to the jurors at *voir dire* typically waives the point on appeal. *State v. Chattley*, Me., 390 A.2d 472, 478 (1978).

Moreover, the record on appeal is utterly inadequate. What little documentation we have was included in defendant's brief in contravention of M.R.Crim.P. 39. Even considering these matters, we conclude that they do not substantiate defendant's factual claims concerning the prior trial. Nor does the State concede that the cases were similar. Defendant's bald factual assertions in his brief are not appropriate substitutes for the record on appeal. *State v. Woodward*, Me., 383 A.2d 661, 663 n.2 (1978).

We have recently held that "[w]hen an inadequate record is presented to the Law Court to support an appeal, such appeal must fail." *Berry v. Berry*, Me., 388 A.2d 108, 109 (1978); *accord, Grondin v. Coyne*, Me., 395 A.2d 459 (1978). No different result occurs in the criminal realm. *State v. Bellanceau*, Me., 367 A.2d 1034 (1977).

The entry is:

Appeal denied.

Judgment affirmed.

ARCHIBALD and NICHOLS, JJ., did not sit.