**STATE of Maine**

v.

**Sidney B. MacARTHUR, Jr.**

Supreme Judicial Court of Maine.

Argued March 17, 1983.

Decided April 8, 1983.

Michael Povich, Dist. Atty., Jane M. Eaton, Asst. Dist. Atty. (orally), Machias, for plaintiff.

John A. Mitchell (orally), Calais, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ.

WATHEN, Justice.

On September 20, 1982, defendant was charged by complaint in District Court with Class B Burglary. 17–A M.R.S.A. § 401(2)(B) (1983). On October 4, 1982, prior to the probable cause hearing, defendant filed in District Court, pursuant to M.R. Crim.P. 41(e), a motion to suppress certain physical and testamonial evidence allegedly taken in violation of his constitutional rights. On October 28, 1982, the State filed a motion to dismiss the scheduled suppression hearing, claiming a lack of jurisdiction in the District Court. The court denied the State's motion, suppressed statements made by the defendant, and found no probable cause. Pursuant to 15 M.R.S.A. § 2115–A(1), the State appeals from the court's pre-trial order granting defendant's motion to suppress. We sustain the appeal.

We agree with the State that the District Court was without jurisdiction to entertain the suppression motion with respect to a complaint alleging a Class B offense. No such jurisdictional grant is provided by statute, see 17–A M.R.S.A. § 9(3), nor do the Maine Rules of Court provide a procedural basis for the District Court's consideration of a motion to suppress involving a complaint alleging a Class A, B, or C crime.[1]

Accordingly, the entry is:

Order of suppression vacated.

All concurring.

1. We do not suggest that the District Court is without jurisdiction to make evidentiary rulings during the course of a probable cause hearing for the purpose of the hearing. A suppression order differs from such a ruling in that it not only determines admissibility but addresses the use of the same evidence in subsequent proceedings.