STATE of Maine

v.

Donald EATON.

Supreme Judicial Court of Maine.

Argued June 16, 1983.

Decided July 15, 1983.

Gene Libby (orally), Dist. Atty., Michael E. Saucier, Asst. Dist. Atty., Christine Murphy, Law Student, Alfred, for plaintiff.

Fine & Cohen, Janis Cohen (orally), Sheila Fine, Ogunquit, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

McKUSICK, Chief Justice.

We must here decide whether the dismissal of a complaint by the District Court because of the State's failure to proceed in timely fashion with a bind-over hearing bars subsequent prosecution on an indictment charging substantially the same offense. We answer in the negative.

On August 6, 1982, the York County grand jury returned a multicount indictment against Eaton, charging him with, among other offenses, Class C theft, 17–A M.R.S.A. § 353 (1983). Substantially this same Class C charge had been made against him in District Court (Sanford) by a complaint filed on October 28, 1981. After one continuance, the District Court scheduled its bind-over hearing[1] on that earlier com-

---

1. Bind-over hearings on complaints charging Class C and higher offenses are held in the District Court pursuant to M.R.Crim.P. 5(e), which in pertinent part reads as follows:

plaint for January 6, 1982. On that date the State was not ready to go forward, and the District Court dismissed the complaint for the State's "failure to prosecute."

On September 27, 1982, Eaton moved in Superior Court (York County) to dismiss the indictment. The Superior Court granted this motion as to the count of the indictment that charged Eaton with Class C theft because it was "substantially the same as [that] set forth in District Court complaint." The State appeals from that order of dismissal,[2] arguing that the Superior Court justice's apparent reliance on this court's decision in *State v. Wells,* 443 A.2d 60 (Me.1982), was misplaced. We agree and therefore vacate the dismissal order of the Superior Court.

█ In light of the reason given by the Superior Court justice for dismissing the indictment, he implicitly ruled that the dismissal of the complaint by the District Court precluded subsequent prosecution by an indictment charging the same Class C offense. That ruling, however, fails to recognize that the District Court had no jurisdiction to determine defendant's guilt or innocence of a Class C offense.[3] On such an offense, its jurisdiction was limited to con-

ducting a bind-over hearing pursuant to M.R.Crim.P. 5(e) and to sentencing on a guilty plea. *See* 17–A M.R.S.A. § 9(3) (1983).[4] According to Rule 5(e), the District Court could bind over defendant Eaton to Superior Court if it found "probable cause to believe that an offense ha[d] been committed and that the defendant ha[d] committed it"; otherwise, it was required to discharge the defendant. The discharge, however, of a defendant pursuant to Rule 5(e) for failure of the State to prove probable cause does not act as an acquittal, and therefore a dismissal of a complaint for that reason does not prevent subsequent prosecution for the same offense by indictment or otherwise. *See People v. Uhlemann,* 9 Cal.3d 662, 666, 511 P.2d 609, 611, 108 Cal. Rptr. 657, 659 (1973); *Wells v. Stynchcombe,* 231 Ga. 199, 201, 200 S.E.2d 745, 747 (1973); *People v. Kent,* 54 Ill.2d 161, 164, 295 N.E.2d 710, 712 (1972); *State v. Cradle,* 281 N.C. 198, 204, 188 S.E.2d 296, 301, *cert. denied,* 409 U.S. 1047, 93 S.Ct. 537, 34 L.Ed.2d 499 (1972); *State v. Mitchell,* 42 Ohio St.2d 447, 451, 329 N.E.2d 682, 684 (1975); *State v. Fahey,* 275 N.W.2d 870, 871 (S.D.1979); *Richmond v. State,* 554 P.2d 1217, 1222–23 (Wyo.1976); Fed.R.Crim.P. 5.1(b).[5]

---

If the defendant does not waive a bind-over hearing, the hearing shall be held before a magistrate in the appropriate division within a reasonable time. . . . If from the evidence it appears to the magistrate that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate shall forthwith hold him to answer in Superior Court . . .; otherwise the magistrate shall discharge him.

2. The Superior Court did not dismiss other counts of the indictment against Eaton, which charged offenses completely unrelated factually to the dismissed count. 15 M.R.S.A. § 2115–A(1) (1980) provides in relevant part: "An appeal may be taken by the State in criminal cases . . . from a pretrial dismissal of an indictment . . . ." This language is broad enough to permit the State to appeal the dismissal of less than all the counts of an indictment. Even if the quoted language were not so construed, the State could appeal under the final provision of section 2115–A(1) that permits appeals from "any other order . . . which . . . has a reasonable likelihood of causing either serious impairment to or termination of the prosecution."

3. The District Court has jurisdiction to try only Class D and E offenses. *See* 17–A M.R.S.A. § 9(3) (1983).

4. This court has recognized in other contexts that the District Court can exercise only a limited jurisdiction over complaints alleging Class A, B, or C offenses. *See State v. MacArthur,* 458 A.2d 417 (Me.1983) (District Court had no "jurisdiction to entertain the suppression motion with respect to a complaint alleging a Class B offense"); *State v. MacArthur,* 417 A.2d 976, 979 (Me.1980) (jeopardy does not attach at bindover proceeding).

5. In 1972, the Federal Rules of Criminal Procedure were amended to add Rule 5.1, which deals exclusively with the preliminary hearing. The following sentence was added as part of Fed.R.Crim.P. 5.1(b): "The discharge of the defendant shall not preclude the government from instituting a subsequent prosecution for the same offense." This sentence, which is not found in our rules, did not work any change in federal law; federal case law supported that

■ There is no reason in logic or precedent why a dismissal for the State's failure to proceed with a bind-over hearing should have any more effect on the State's right to resume the prosecution than a dismissal entered upon the District Court's finding of no probable cause. *See State v. Peavler,* 88 N.M. 125, 126, 537 P.2d 1387, 1388 (1975). *Cf. United States v. Rogers,* 455 F.2d 407, 412 (5th Cir.1972) (defendant's remedy for an improperly delayed preliminary hearing is release from custody or other restraint pursuant to 18 U.S.C. § 3060(d); that release does not bar subsequent prosecution upon the same charge); *United States v. Milano,* 443 F.2d 1022, 1024 (10th Cir.1971) (same). It would indeed be anomalous if the State's failure to go forward with a bind-over hearing had consequences more serious than if the State had gone forward and then failed to carry its burden of proving probable cause. Therefore, where a defendant is discharged as a sanction for the State's failure to proceed at all with a bind-over hearing, such a dismissal must be given the same effect as if the District Court had discharged defendant for lack of probable cause; it does not constitute a bar to the prosecution's later proceeding to seek an indictment.

■ Nothing said by us in *Wells,* 443 A.2d 60, is inconsistent with our decision today. In *Wells,* the District Court had dismissed a complaint charging a Class D offense because of the State's lack of preparation to go to trial on schedule. We held there that further prosecution by indictment or otherwise is barred if, for want of prosecution by the State, the District Court dismisses with prejudice, pursuant to M.D.

C.Crim.R. 48(b),[6] a complaint scheduled for trial, unless the State successfully appeals from the order of dismissal. M.D.C.Crim.R. 48(b) does not apply to the instant proceeding on a Class C offense, for at least two reasons. First, the District Court criminal rules are applicable only in "criminal proceedings in which the offense charged is a Class D or Class E crime." M.D.C.Crim.R. 1. Second, M.D.C.Crim.R. 48(b) by its terms applies only "[i]f there is unnecessary delay in bringing a defendant to *trial.*" (Emphasis added) Therefore, because, unlike in *Wells,* the District Court in the instant case had no authority to try the merits of the complaint in question, it had no authority to dismiss that complaint with prejudice pursuant to M.D.C.Crim.R. 48(b). That authority in regard to offenses within the exclusive trial jurisdiction of the Superior Court rests exclusively with that court.

■ The Superior Court is always vested with the power to dismiss an indictment that duplicates a Class C or higher complaint previously dismissed by the District Court, if it clearly appears that the whole course of action by the prosecution amounts to harassment of the accused. *People v. Uhlemann,* 9 Cal.3d at 669, 511 P.2d at 614, 108 Cal.Rptr. at 662; *People v. Overstreet,* 64 Ill.App.3d 287, 289, 21 Ill.Dec. 227, 229, 381 N.E.2d 305, 307 (1978); *State v. Twaite,* 110 Wis.2d 214, 221–22, 327 N.W.2d 700, 704 (1983). Carefully considered exercise of that inherent power of the court can give the accused appropriate protection against prosecutorial abuse, without laying down any hard-and-fast rule that automatically bars or limits the later prosecution. *Cf. Jones v. State,* 481 P.2d 169, 171 (Okl.Cr.

proposition before it was expressly set forth in Fed.R.Crim.P. 5.1(b). *See United States ex rel. Rutz v. Levy,* 268 U.S. 390, 393–94, 45 S.Ct. 516, 517, 69 L.Ed. 1010 (1925); *Morse v. United States,* 267 U.S. 80, 85, 45 S.Ct. 209, 210–11, 69 L.Ed. 522 (1925); *United States v. Kysar,* 459 F.2d 422, 423 (10th Cir.1972); *United States v. Grimes,* 426 F.2d 706, 708 (5th Cir.1970); 1 C. Wright, *Federal Practice & Procedure* § 86, at 187 (2d ed. 1982).

**6.** M.D.C.Crim.R. 48(b) provides:
    If there is unnecessary delay in bringing a defendant to trial, the court may upon mo-

tion of the defendant dismiss the complaint. The court shall direct whether the dismissal is with or without prejudice.

Effective February 1, 1983, the last sentence was added to M.D.C.Crim.R. 48(b), as it was also to M.R.Crim.P. 48(b), in response to the difficulty encountered in *State v. Wells,* 443 A.2d at 64, where the court dismissing the complaint had not stated whether the dismissal was with or without prejudice.

1971) (no further prosecution "unless the State makes an offer of additional evidence or proves other good cause"); *State v. Antes,* 74 Wis.2d 317, 323, 246 N.W.2d 671, 674 (1976) (renewed prosecution if State "has or discovers additional evidence"). Nothing in the present record would justify a finding of prosecutorial harassment of defendant Eaton.

In conclusion, the District Court's discharge of Eaton, and the dismissal of the District Court complaint, do not, by themselves, produce any bar to a subsequent grand jury indictment for the same offense.

The entry is:

Judgment vacated.

Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.