STATE of Maine

v.

**Rick THWING.**

Supreme Judicial Court of Maine.

Argued Nov. 19, 1984.

Decided Feb. 4, 1985.

Before McKUSICK, C.J., NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ., and DUFRESNE, A.R.J.

DUFRESNE, A.R.J.

Rick Thwing, the defendant, appeals from judgments of conviction entered against him in the Superior Court (Somerset County) on the charges of assault, 17–A M.R.S.A. § 207 (1983) and criminal mischief, 17–A M.R.S.A. § 806 (1983). Before this Court, Thwing argues that the Superior Court erred in denying his motion to dismiss counts II and III of the indictment which charge him with those offenses, since, so his motion alleges, these same accusations had been filed against him in a complaint before the District Court (Skowhegan) and, on November 22, 1982, the day set for hearing of the complaint, were dismissed by the judge over the prosecutor's objections. The defendant claims that his trial and conviction in the Superior Court after the District Court complaint had been dismissed were in violation of his rights under the law.

Since the defendant has not supplied us with a transcript of the proceedings before the District Court or the Superior Court, we are unable to say that the Superior Court did commit reversible error in refusing to dismiss the charges as requested by Thwing. So, we affirm the convictions below.

I

Appearing before the District Court (Skowhegan) on October 20, 1982, Thwing was charged in a three-count complaint with burglary, 17–A M.R.S.A. § 401 (1983), a Class B crime, and assault and criminal mischief arising out of the same incident, both Class D crimes. The docket entries indicate that the defendant entered not guilty pleas to the two Class D crimes, and that no plea was taken to the burglary charge. On the complaint, where the form provides space for the recording of continu-

David W. Crook, Dist. Atty., John Alsop, Asst. Dist. Atty. (orally), Skowhegan, for plaintiff.

William Thomas Hyde (orally), Skowhegan, for defendant.

ances, the only entry made was "cont'd for hearing," and, where information whether probable cause hearing was held or waived, *P.C. Hearing* was underscored with "11/22/82 @ 11:00 a.m." inserted next to it. On the back side of the complaint, under the stated date of November 22, 1982, the judge of the District Court wrote and signed the following order:

> 11/22/82. Ordered, State's request for continuance is denied, there having been a session of the Grand Jury since arraignment, which *charges* are dismissed over State's objection. (Emphasis added).

> s/ _____
> Judge

The defendant-appellant in his brief explains the sequence of events in this manner. He asserts that, when advised by the court that the State's motion for continuance was denied, he then made a motion for dismissal of the charges [meaning all three of them—the burglary, assault and criminal mischief charges], purportedly pursuant to Rule 48(b) of the Maine District Court Criminal Rules.[1] This is consistent with the court's dual order of denial of the State's continuance and "dismissal of the charges." But we note that the court did not indicate if the dismissal was with or without prejudice.

Acting on the premise that the District Court dismissal was without prejudice, the prosecutor sought an indictment on the three identical charges from the Somerset County Grand Jury at the following January term, 1983. To the three-count indictment charging him with burglary, assault and criminal mischief, Thwing moved in Superior Court for dismissal of the counts referring to the assault and criminal mischief on the ground that the District Court

in dismissing "the charges" had made a final disposition of those alleged offenses. Ruling that the District Court dismissal was in fact a dismissal without prejudice, the Superior Court denied the defendant's motion. Acquitted at a bench trial on the burglary charge, but found guilty of assault and criminal mischief, the defendant appeals to the Law Court for relief.

## II

■ An appellant has the burden of supplying this Court with a record adequate to permit a fair consideration of the issues presented for review. *See State v. Kerr*, 455 A.2d 425 (Me.1982); *State v. MacArthur*, 417 A.2d 976, 979 (Me.1980); *State v. Howard*, 405 A.2d 206, 208 (Me. 1979). When the record made available to the Law Court to support an appeal is inadequate, such appeal must fail, and this applies in criminal appeals as it does on the civil side. *State v. Lang*, 396 A.2d 1012, 1013 (Me.1979). In the case at bar, the record does not include any transcript of the proceeding in the Superior Court on the motion to dismiss the indictment respecting the counts involving the offenses of assault and malicious mischief, nor does the record inform us as to what transpired at the hearing before the District Court judge when the State presented its motion for continuance, except for the results thereon.

Presumably, the State's motion sought continuance of the case in the total aspect of the three counts of the complaint. The District Court in fact dismissed the three charges, *i.e.* the whole complaint. As in *State v. Wells*, 443 A.2d 60 (Me.1982) at 64, the central question before the Superior Court respecting the District Court's order of dismissal was, whether the dismissal order was intended to be a final termina-

---

**1.** Rule 48(b), M.D.C.Crim.R. at the time of the hearing in the District Court provided as follows:

*Rule 48. Dismissal*

(b) *By Court.* If there is unnecessary delay in bringing a defendant to trial, the court may upon motion of the defendant dismiss the complaint.

An amendment to the rule effective February 1, 1983, added the sentence: The court shall direct whether the dismissal is with or without prejudice.

This change was made after our decision in *State v. Wells*, 443 A.2d 60 (Me.1982).

tion of the prosecution of all three offenses charged in the complaint.

■ The Superior Court held that the dismissal in the instant case was not so intended, and several circumstances support that conclusion of the Superior Court. First, without a transcript of the proceedings, we must presume that the defendant's motion for dismissal of the charges, if made by the defendant as claimed in his brief, did not articulate the specific nature of the dismissal requested, *i.e.* whether with or without prejudice. At the time of his dismissal of the charges without any express indication whether the dismissal was with or without prejudice, we must presume that the District Court judge was cognizant of the decisions of this Court respecting such dismissals. The case of *State v. MacArthur, supra,* decided by this Court in 1980, clearly indicates that where the District Court takes jurisdiction for the purpose of ascertaining the existence of probable cause only, as in cases involving Class B or C offenses such as burglary, jeopardy does not attach and the dismissal of the District Court complaint and the defendant's discharge, do not, by themselves, bar a subsequent grand jury indictment for the same offense.[2] This merely restated long-established law. *See Kaye v. Keeper of the Jail,* 145 Me. 103, 72 A.2d 811 (1950). *See also State v. Arnold,* 421 A.2d 932, 935 (Me.1980); *State v. Pullen,* 266 A.2d 222, 226 (Me.1970).

■ It must be assumed, in the absence of a record demonstrating the contrary, that the District Court judge knew and correctly applied the law. *See State v. Gamage,* 340 A.2d 1, 14, (Me.1975); *State v. Fernald,* 248 A.2d 754, 758 (Me.1968). This Court has presumed that in instructions to the jury the presiding justice correctly stated all questions of law in issue. *State v. Stuart,* 132 Me. 107, 110, 167 A. 550, 551 (1933); *State v. Fletcher,* 126 Me. 153, 156, 136 A. 908, 910 (1927).

■ The District Court judge, in *dismissing the charges* in one single step without articulating the intended individualistic impact on the several charges being dismissed, must be understood to have done what the law authorized him to do, to wit, to have dismissed the charges without prejudice, *i.e.* without barring further prosecution thereon, since he could not terminate prosecution on the burglary charge permanently, because his jurisdiction in relation to Class B or C crimes was only to the extent of determining whether there existed probable cause to hold the defendant for the grand jury. This is especially so, where the defendant may have actively participated in the court's indeterminate action by not requiring specificity in the court's order in his alleged motion for dismissal and by not showing his readiness for, and insistence on, hearing. *See State v. Kopelow,* 126 Me. 384, 386, 138 A. 625, 626 (1927); *State v. Suitter,* 401 A.2d 1001 (Me.1979). Without an adequate record to sustain the defendant's claims to the contrary, we cannot say that the Superior Court committed error in ruling that the District Court dismissal was without prejudice.

### III

■ The State urges us to adopt a *per se* dismissal rule in cases where less serious offenses of the Class D and E category of crimes arising out of a single incident are joined for hearing on probable cause with more serious offenses of the Class A, B or C category of crimes. We are asked to apply the same rule to the bundle of charges, including the Class D and E "ancillary crimes," so-called, as announced applicable to the more serious charges in *State v. Eaton,* 462 A.2d 502 (Me.1983). In *Eaton,* we did rule that the dismissal of a complaint charging a Class C crime by the District Court did not bar the State from

---

2. *See State v. Eaton,* 462 A.2d 502 (Me.1983), decided after the District Court decision in this case and pointing out the difference when Class

D or E crimes only are involved as in *State v. Wells,* 443 A.2d 60 (Me.1982).

later seeking a grand jury indictment based on the same alleged offense. We held that, since the District Court had no authority to try the merits of such a complaint, it had no authority to bring the State's prosecution of the offense to a final and permanent conclusion, the court's dismissal having no greater finality than a finding of no probable cause to hold the defendant to answer to the charge. The suggested *per se* rule would by judicial decree deprive the District Court of a substantial portion of its jurisdiction in the criminal field, and most probably tend to waste rather than conserve the limited resources of the court system as a whole. We refuse to adopt such a rule. If the State believes that the District Court has improperly dismissed finally, *i.e.* with prejudice, a complaint charging a Class D and E crime, it may, as indicated in *State v. Wells*, 443 A.2d 60, 64 (Me.1982), appeal directly to this Court for relief. 15 M.R.S.A. § 2115–A(1) (1980).

The entry will be:

Judgments of conviction affirmed.

All concurring.