## STATE of Maine

v.

## George S. HOWARD, Jr.

Supreme Judicial Court of Maine.

Argued June 11, 1986.

Decided June 25, 1986.

Paul Aranson, Dist. Atty., Laurence Gardner, Asst. Dist. Atty. (orally), Portland, for State.

Jura A. Burdinik (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

George S. Howard, Jr. appeals from a judgment entered upon a jury verdict in Superior Court (Cumberland County) convicting him of three counts of Gross Sexual Misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), four counts of Unlawful Sexual Contact, 17–A M.R.S.A. § 255(1)(C) (1983), and one count of Assault, 17–A M.R.S.A. § 207 (1983). Contrary to the defendant's sole contention on appeal, we find no error in trial counsel's references to sexually explicit photographs that were the subject of a ruling in limine by the trial justice.

Prior to trial, the defendant sought a ruling in limine excluding from evidence sexually explicit photographs taken from his home on the ground that their probative value was substantially outweighed by the danger of unfair prejudice. During an unrecorded hearing in chambers on the morning that trial was commenced, the trial justice granted the motion. Both the prosecutor and defense counsel made reference to the photographs in their opening statements to the jury. When the photographs were offered in evidence, the trial justice "admitted" them but ruled that they would not be given to the jurors for their examination. At no time during the one day trial did the defendant object to the frequent references to the photographs by both prosecution and defense witnesses or attempt to seek clarification of the in-limine ruling.

The defendant now contends that the trial justice's in-limine ruling not only excluded the photographs themselves but also prohibited any reference to them. In view of the ambiguous circumstances in which the ruling was rendered, defense counsel's silence in the face of the numerous references to the photographs sheds light on whether the justice intended the ruling to be absolute or limited. The absence of objection throughout the trial and the failure to seek clarification of the court's ruling reflect counsel's apparent understanding of the limited parameters of the exclusion. We accordingly conclude that the in-limine ruling was intended to prohibit no more than the viewing of the photographs by the jury. Therefore, the references to them did not constitute error, let alone obvious error. *See State v. True,*

438 A.2d 460, 467 (Me.1981). Without the benefit of a more complete record of the proceedings surrounding the action taken by the court, the defendant's appeal must fail. *See State v. Thwing*, 487 A.2d 260, 262 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.