**Namon TANNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 6817.**

United States Court of Appeals Tenth Circuit.

Nov. 15, 1961.

No appearance for appellant.

J. E. Gallegos, Asst. U. S. Atty., Santa Fe, N. M. (John Quinn, U. S. Atty., and Ruth C. Streeter, Asst. U. S. Atty., Albuquerque, N. M., on the brief), for U. S.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying appellant's motion to vacate sentence under 28 U.S.C.A. § 2255. Appellant was convicted on two counts alleging violations of the Internal Revenue Laws relating to the conduct of a retail liquor business. Appellant collaterally attacks the judgment and sentence on the grounds that the complaint filed did not accurately state the applicable title of the United States Code; that his arrest and the seizure of certain contraband liquor was illegal; that the evidence at trial was insufficient; and that the sentence is ambiguous.

The record discloses that subsequent to the filing of the allegedly improper complaint appellant was indicted by a Federal grand jury. The validity of the indictment, under which appellant was tried, convicted, and sentenced, is not questioned and the form of the complaint, if defective, did not divest the trial court of jurisdiction.

The trial court sentenced appellant to two years on Count I and two years on Count II, "the said sentences to run consecutively." The failure of the trial court to specifically designate which of the two-year terms was to be served first is said by appellant to require their concurrent service. In our view the sentence is clear and unambiguous and requires the appellant to serve

two years on Count I and, thereafter, two years on Count II. See: United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 70 L.Ed. 309.

The remaining allegations, concerning the validity of the arrest and the sufficiency of the evidence, are cognizable only upon direct appeal and do not state grounds upon which collateral relief may be granted. Roddy v. United States, 10 Cir., 296 F.2d 9; Martin v. United States, 10 Cir., 241 F.2d 693.

Affirmed.