**Albert Sidney DENTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–2066

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1972.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

Albert Sidney Denton, pro se.

R. Jackson B. Smith, Jr., U. S. Atty., Henry L. Whisenhunt, Jr., Asst. U. S. Atty., Augusta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This appeal is taken from the district court's order denying this federal pris-

York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

oner's motion to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

In 1954, Denton was sentenced to 25 years imprisonment for bank robbery and conspiracy. The sentence was to be served after a life sentence for an Alabama state murder conviction, which he was then serving.

In 1970, Denton filed a § 2255 motion to vacate his federal sentence on the ground that the sentencing judge was given erroneous information concerning the time when he would become eligible for parole from the life sentence under Alabama law. The motion was granted and the sentence was set aside. On February 22, 1971, Denton was resentenced to serve five years, to run consecutive to the state sentence.

Denton is now in federal custody, having been paroled on the Alabama murder conviction. He has moved to vacate the five year federal sentence contending first, that the complaint upon which the arrest warrant was based was defective, and second, that his guilty plea was coerced and involuntary. The district court found that his guilty plea was voluntary and held that his other claim was barred by a grand jury indictment.

■ The record includes a transcript of the resentencing proceedings of February 22, 1971. In response to numerous questions posed to him by both the court and his counsel concerning the voluntariness of his plea of guilty, Denton unequivocally stated that the plea was given freely and voluntarily. In addition, his counsel stated at the hearing in Denton's presence that Denton "has always told me that the plea was freely and voluntarily entered with full understanding on his part of all the consequences." The court did not err in finding that the plea was voluntary, without holding another hearing on the present § 2255 motion.

■■ Denton's challenge to the complaint and arrest warrant is foreclosed for two reasons. First, the grand jury indictment of Denton following his arrest remedied any defect in the complaint and arrest warrant. Tanner v. United States, 296 F.2d 218 (10th Cir. 1961). Second, his plea of guilty, knowingly and voluntarily given, constituted a waiver of all non-jurisdictional defects in the proceedings up to that point. Williamson v. Alabama, 441 F.2d 549 (5th Cir. 1971); Stephen v. Smith, 438 F.2d 979 (5th Cir. 1971); Henderson v. Alabama, 395 F.2d 209 (5th Cir. 1968).

The court properly denied the § 2255 motion to vacate the five year sentence.

Affirmed.