UNITED STATES of America,
Plaintiff-Appellee,

v.

Glenn O. YOUNG, Defendant-Appellant.

No. 78–1944.

United States Court of Appeals,
Tenth Circuit.

Argued Oct. 16, 1979.

Decided Jan. 18, 1980.

As Amended Jan. 30, 1980.

Rehearing Denied Feb. 28, 1980.

Hubert H. Bryant, U. S. Atty., Tulsa, Okla. (George Carrasquillo, Asst. U. S. Atty., Tulsa, Okla., on the brief), for plaintiff-appellee.

Glenn O. Young, pro se (Wesley R. Thompson, Sapulpa, Okla., on the brief), for defendant-appellant.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

Glenn O. Young was convicted by a jury of having willfully and forcibly assaulted one Conrad Carson, an agent with the Internal Revenue Service, while the agent was engaged in the performance of his official duties, in violation of 18 U.S.C. § 111. Young was fined $3,000. He appeals the sentence thus imposed. We affirm.

Conrad Carson, an agent for the Internal Revenue Service, was assigned to audit

Young's 1976 tax return. By both letter and telephone Carson contacted Young in an effort to arrange a mutually satisfactory time for him to start his audit of Young's tax return. Carson's efforts were unavailing. Accordingly, on May 8, 1978, Carson drove from his residence in Tulsa, Oklahoma to Sapulpa, Oklahoma, intending, if possible, to interview Young in the latter's law offices in Sapulpa. Carson had with him an Internal Revenue Service summons which was filled out, except for the date and Carson's signature. Carson's testimony was that if voluntary efforts were unsuccessful, he intended to serve Young with the summons.

According to Carson, he identified himself to Young as an agent of the Internal Revenue Service. Young then escorted Carson into his inner office. There Young refused to answer any questions and asked Carson to leave. An argument ensued, and, according to Carson, Young became loud and abusive. Carson then informed Young that he had a summons for him to appear and produce such records as were necessary for an audit. Carson then dated and signed the summons, and he left it on the edge of Young's desk. As Carson was leaving the office Young followed him a few steps, kicked Carson in the rear with his knee, and then struck Carson in the head with his fist.

The sequence of events is not really in dispute. The assault was corroborated by two of Young's own office employees. Indeed, Young in his *pro se* closing argument stated that if he were guilty of anything it was that he didn't "kick him harder and quicker and longer."

■ At this stage of the proceedings the evidence must be viewed in a light most favorable to the party prevailing in the trial court, i. e., the Government. *United States v. Butler*, 446 F.2d 975, 978 (10th Cir. 1971). The evidence, as outlined above, clearly establishes an assault.

■ Young's *pro se* brief is hard to follow, but it would appear to be his primary contention that at the time of the fracas Carson was not engaged in the performance of his official duties. Young seems to argue that the summons was not properly served on him, and that because of such Carson was not about his official duties at the time of the assault. We do not agree with this reasoning.

*United States v. Heliczer*, 373 F.2d 241 (2nd Cir.), *cert. denied*, 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967) presents a fact situation quite analogous to the instant one. There the defendant was convicted of assaulting a federal narcotics agent in violation of 18 U.S.C. § 111. The defendant claimed that the agent was not about his official duties because the arrest which the agent was trying to make was an illegal one. The Second Circuit rejected this argument and in so doing stated that " 'engaged in . . . the performance of his official duties' is simply acting within the scope of what the agent is employed to do." The Court went on to observe that the true test is whether "the agent is acting within that compass or is engaging in a personal frolic of his own." The Court specifically held that an agent who has made an arrest does not lose his "official capacity," for the purpose of determining the applicability of 18 U.S.C. § 111, simply because the arrest be subsequently adjudged unlawful.

The rationale of *Heliczer* is persuasive. As applied to the instant case, agent Carson was engaged in the performance of his official duties when he presented himself at Young's offices. In driving from his residence in Tulsa to Young's law offices in Sapulpa, Carson most certainly was *not* engaged in a personal frolic of his own. In line with *Heliczer*, we are not here concerned with whether the service of the IRS summons on Young constituted valid service. Even assuming that such was not proper service, such fact would not mean that under 18 U.S.C. § 111 Carson was somehow acting *outside* his official duties.

Young's other arguments, to the extent that we understand them, have been considered and found lacking. They simply indicate a general dissatisfaction with the tax laws and the Internal Revenue Service. See in this general connection *Armstrong v.*

*United States,* 306 F.2d 523 (10th Cir. 1962) where we held that a defendant's good faith belief in the propriety of his action is not a defense to the crime defined in 18 U.S.C. § 111.

At oral argument, Young, an 84-year old lawyer, complained about the severity of his sentence. The sentence is within the statutory limits, and such being the case, we as an appellate court are not at liberty to disturb it. If Young wants any relief in this regard, he may of course ask the trial court to consider a reduction in his sentence under the provisions of Fed.R. Crim.P. 35. *United States v. Sierra,* 452 F.2d 291 (10th Cir. 1971).

Judgment affirmed.