**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Hal C. RANKIN and Brian D. Hunt,
Defendants-Appellants.**

**Nos. 79–1880, 79–1881.**

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 14, 1980.

Decided March 3, 1980.

Hubert H. Bryant, U. S. Atty. and Kenneth P. Snoke, Asst. U. S. Atty., Tulsa, Okl., for plaintiff-appellee.

Hal C. Rankin and Brian D. Hunt, pro se.

Before McWILLIAMS, LEWIS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument

would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Hal Rankin and Brian Hunt were charged with violations of 40 U.S.C. § 318 and 41 C.F.R. § 101–20.304 (1978). The regulation provides, in part, that conduct which impedes or disrupts the performance of official duties by Government employees is prohibited. Trial of these misdemeanor charges was before the Honorable Robert S. Rizley, United States Magistrate, sitting in Tulsa, Oklahoma. Both defendants were found guilty of conduct in violation of 41 C.F.R. § 101–20.304 (1978). Each was fined $50 and sentenced to ten days in jail, with the jail sentences in both instances being suspended. Rankin and Hunt appealed to the United States District Court for the Northern District of Oklahoma. On appeal, the Honorable H. Dale Cook, Chief Judge of that court, affirmed their respective convictions. Rankin and Hunt now appeal to this Court. We affirm.

The facts are not in dispute. On February 20, 1979, a panel of the Atomic Safety and Licensing Board of the Nuclear Regulatory Commission was conducting a hearing on the application of the Public Service Company of Oklahoma for a license to construct the Black Fox Nuclear Generating Station. The hearing was being conducted in courtroom No. 3 of the United States Courthouse in Tulsa, Oklahoma. One Sheldon Wolfe, a permanent legal member of the Atomic Safety and Licensing Board panel, was chairman of the meeting. Prior to the February 20 meeting, a protective order had been entered by the panel designed to maintain the confidentiality of a report prepared by Dr. Reed of the General Electric Company. When the panel was about to consider the so-called Reed Report, the panel, in line with its earlier protective order, proposed to hold an *in camera* hearing. Accordingly, Chairman Wolfe ordered the courtroom cleared of spectators.

Rankin and Hunt, who were opposed to the granting of a license to Public Service Company for a nuclear generating station, had been interested spectators at the hearing. It was their sincere belief that the Government in Sunshine Act, 5 U.S.C. § 552b, *et seq.* (1976), applied to the hearing then being held by the panel of the Atomic Safety and Licensing Board, and that such Act precluded the panel from conducting an *in camera* proceeding. When Chairman Wolfe ordered the courtroom cleared, Rankin and Hunt refused to leave. Rankin started to ask Chairman Wolfe for a postponement of the *in camera* hearing until he could get a court order to enjoin the holding of such hearing, but he was "waved down." It was in this setting that Rankin and Hunt, acting upon a prearranged plan, proceeded to chain themselves to the brace of one of the swinging doors of the courtroom. The *in camera* proceedings were delayed some ten to fifteen minutes until a deputy marshal cut the chains and removed the defendants from the courtroom.

As above mentioned, the Magistrate found the appellants guilty of conduct which impeded and disrupted Government employees in the performance of their official duties, as proscribed by 41 C.F.R. § 101–20.304 (1978). On appeal to the district court, the primary argument advanced by Rankin and Hunt was that the Government in Sunshine Act precluded the panel of the Atomic Safety and Licensing Board from holding an *in camera* hearing, and that the members of the panel were therefore not about their "official duties," as that term is used in 41 C.F.R. § 101–20.304 (1978), when the two chained themselves to the courtroom door in protest. The district court generally affirmed the Magistrate's finding of disorderly conduct and specifically rejected the argument that the members of the hearings panel were not about their official duties when the appellants chained themselves to the courtroom door.

The basic argument here is the same as that advanced in the trial court, namely that the Government in Sunshine Act prohibits the panel of the Atomic Safety and Licensing Board from holding an *in camera* hearing, and that the panel was therefore

not performing "official duties" when Rankin and Hunt chained themselves to the courtroom door. Like the trial court, we do not agree with this argument. We are disinclined to give the term "official duties" such a restricted meaning.

Subsequent to the events which form the basis for the present prosecution, this Court held that the Government in Sunshine Act does *not* apply to an adjudicatory hearing before a panel of the Atomic Safety and Licensing Board. *Hunt v. Nuclear Regulatory Commission,* 611 F.2d 332 (10th Cir. 1979), application for certiorari filed Dec. 17, 1979. However, even if the appellants had been correct in their belief that the Government in Sunshine Act prohibited the holding by the panel of an *in camera* hearing, such would not itself constitute a legal defense to the charge of impeding and disrupting the performance of official duties by Government employees in violation of 41 C.F.R. § 101–20.304 (1978).

No reported case involving 41 C.F.R. § 101–20.304 (1978), and relating to the particular matter urged here as ground for reversal, has been drawn to our attention. However, we believe the present case is analogous to *United States v. Young,* 614 F.2d 243 (10th Cir. 1980). In that case the defendant was prosecuted for violating the provisions of 18 U.S.C. § 111 by assaulting an Internal Revenue Agent who was alleged to have been about his "official duties." In *Young* the defense was that at the time of the assault the agent was in the process of serving an unlawful summons, and that accordingly the agent was not about his "official duties." In *Young* we rejected that argument, holding that even assuming that the service of summons was improper, such fact would not mean that the agent was somehow acting outside his official duties as that term is used in 18 U.S.C. § 111.

In *Young* we cited with approval *United States v. Herliczer,* 373 F.2d 241 (2nd Cir.), *cert. denied,* 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967). In *Herliczer* the Second Circuit held that a federal narcotics agent who was effecting an arrest did not lose his "official capacity" for the purpose of determining the applicability of 18 U.S.C. § 111 simply because the arrest might be subsequently adjudged unlawful.

In *Armstrong v. United States,* 306 F.2d 520 (10th Cir. 1962), relied on by us in *Young,* defendants were charged with violations of 18 U.S.C. § 111 for interfering with certain federal officials upon an Indian reservation who were alleged to have been about their official duties. The defense in *Armstrong* was that the federal officials were *not* engaged in performance of their official duties when they were accosted. In rejecting this argument, this Court observed as follows:

> The defendants take the position that they, as individuals, have the right to scrutinize the activities of government agents lawfully upon the reservation and to interfere if they, in good faith, believe that the government agents are not performing official duties *or are engaged in work which is not authorized by law.* They justify their good faith belief in this instance by referring to the injunction proceeding, and contending that they understood that the effect of the injunction was to limit the scope of the activities of the Indian Field Service employees on the reservation. They contend that in refusing to instruct the jury that their good faith belief is a defense, the trial court, in effect, directed the jury to return a verdict of "guilty." *A defendant's good faith belief in the propriety of his actions is not a defense to the crime defined in 18 U.S.C.A. § 111. The defendants could not take the law in their own hands.* (Emphasis added.) 306 F.2d at 522–23.

In sum, the record amply supports the finding that the two appellants were guilty of conduct which impeded and disrupted the performance by the panel members of the Atomic Safety and Licensing Board in the performance of their official duties. Under the circumstances described, the defense of "good faith belief" is no defense. The defendants could not thus take the law in their own hands.

Judgments affirmed.