STATE of Maine

v.

Creston L. MacARTHUR.

Supreme Judicial Court of Maine.

Argued March 6, 1980.

Decided Aug. 6, 1980.

Genevieve Stetson (orally), Asst. Dist. Atty., Machias, for plaintiff.

Brown, Tibbetts, Churchill & Romei, Robert E. Tibbetts (orally), Calais, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, GLASSMAN and ROBERTS, JJ.

GODFREY, Justice.

Defendant, Creston L. MacArthur, was found guilty by a jury in Superior Court, Washington County, of the offense of assault on an officer, Class C, a violation of 17-A M.R.S.A. § 752-A (1979). Defendant appeals, contending that the Superior Court lacked jurisdiction because the complaint by which he was originally charged was invalid. He contends, also, that jeopardy attached at the District Court hearing at which probable cause was found. Defendant also challenges the sufficiency of the evidence. We affirm the judgment of conviction.

Considering the evidence in a light favorable to the state, the jury could have found that at about 3:00 a. m. on October 7, 1978, Officer Graves of the Baileyville Police Department observed a vehicle with a defective taillight being driven on the highway in an erratic manner. He pursued and stopped the vehicle, which was being driven by the defendant and was occupied by three passengers, the owner Malcolm Fenderson, one Gary Seavey, and an unidentified female. When defendant stepped out of the vehicle, Officer Graves noticed that defendant smelled of alcohol and was unsteady on his feet. He was unable to perform satisfactorily several "field sobriety tests".

Officer Graves ordered defendant to sit in the front seat of the police cruiser and informed him that he was under arrest for operating while under the influence of alcohol and while his license was under suspension. Defendant attempted to strike Officer Graves, who was able to block the blow. Defendant got out of the cruiser, whereupon Officer Graves ordered him to place his hands on the cruiser. Meanwhile, Gary Seavey had got out of the vehicle defendant had been driving and was approaching them.

Officer Graves testified that defendant turned and struck him in the chest while Seavey struck him from behind. Graves responded by spraying chemical mace at both men. As the three struggled on the ground, defendant sat on Officer Graves, choking him and striking his head, while Seavey kicked him in the sides and legs. Believing he was losing consciousness, Graves struck defendant in the head with his portable police radio. Defendant and Seavey thereupon fled.

On October 10, 1978, Officer Graves filed a complaint in District Court charging de-

fendant with a violation of 17–A M.R.S.A. § 752, Assault on an Officer, Class D. That section of the Maine Criminal Code had been repealed on July 8, 1978, however, and had been replaced by section 752–A. The new code section upgraded the offense to a Class C crime, requiring as an additional element of the crime that the assault cause bodily injury to the officer and providing that a complaint be brought only by the chief administrative officer of the assaulted officer's law enforcement agency.

On November 21, 1978, defendant appeared before the Fourth District Court (Northern Washington). Defendant contends that at that time he proceeded to trial *pro se* before the District Court on the section 752 complaint. No recording or transcription was made of the proceeding, however. The District Court docket sheet shows only that probable cause was found and that defendant was bound over to Superior Court. An indictment under section 752–A was returned by a Washington County grand jury on January 3, 1979.

A jury trial was held, and defendant was found guilty as charged. After conviction, defendant moved in arrest of judgment, M.R.Crim.P. 34. Because the indictment on its face appeared to be valid, this motion was treated by the court as a motion under M.R.Crim.P. 12(b)(2) and denied.[1]

The state concedes that the complaint filed by Officer Graves in the District Court was insufficient to charge defendant with a violation of section 752–A because it failed to allege bodily injury and because it was not brought by the chief administrative officer of the Baileyville Police Department. Defendant contends on appeal that because of the deficiencies in the complaint the Superior Court was without jurisdiction over the section 752–A proceedings later prosecuted by indictment.

■ The indictment under which the defendant was tried, convicted and sentenced was valid. M.R.Crim.P. 7(c) requires only that the indictment contain a written statement of the essential facts constituting the crime charged. We reject defendant's contention that section 752–A requires the chief administrative officer to initiate or participate in the grand jury proceedings leading to indictment for the offense. Section 752–A(2) provides:

A complaint for an assault on an officer may only be brought by the chief administrative officer of the law enforcement agency in which the officer against whom the assault was allegedly committed is a member.

It is not necessary to construe the words "complaint . . . may be brought" as having more than their obvious technical meaning. The purpose of the provision is to assure some degree of impartial administrative review of a police officer's decision to initiate formally the criminal process for an alleged violation of section 752–A. The provision is not designed to impose a special restriction on grand jury proceedings.

■ Because a valid indictment was subsequently returned, any defects in the section 752 complaint were mooted and could not divest the Superior Court of jurisdiction. *See Denton v. United States*, 465 F.2d 1394 (5th Cir. 1972); *Tanner v. United States*, 296 F.2d 218 (10th Cir. 1961). Where a valid indictment has been returned, defects in the complaint cannot be the basis for a motion to dismiss, M.R. Crim.P. 12, for a motion in arrest of judgment, M.R.Crim.P. 34, or for an appeal. H. Glassman, *Maine Practice, Rules of Criminal Procedure* § 3.3 (1967).

For his second ground of appeal, defendant contends that he was twice placed in jeopardy because the District Court proceeding was a trial on the merits in which jeopardy attached, rather than a probable cause hearing. Because the section 752 complaint stated facts which were sufficient to charge simple assault, a Class D crime within the jurisdiction of the District Court, defendant claims that jeopardy at-

---

1. The failure to present a motion under M.R. Crim.P. 12(b)(2) prior to trial may be excused by the court for cause shown. Because defend-

ant was not represented by an attorney before the District Court, the trial justice granted relief from any possible waiver.

tached once the presiding justice began to hear evidence on the complaint unless he affirmatively disclaimed jurisdiction.

■ An appellant has the burden of supporting his appeal with a record sufficient to permit the reviewing court the opportunity to assess adequately the issues presented by the pleadings, the evidence, and the conduct of the trial. *Grondin v. Coyne*, Me., 395 A.2d 459 (1978). Here, the record on appeal contains only a copy of the docket entries from the hearing in District Court. From all that appears in the record on appeal, a probable cause hearing, not a trial on the merits, was conducted in the District Court. The docket reflects that the offense charged was "Assault on Officer," but does not include a citation to any section of the Maine Criminal Code. The entries indicate only that probable cause was found and that the defendant was "Bound over to Sup. term of Grand Jury." No transcription was made of the District Court proceedings. On the basis of the record before us, we can only conclude that the hearing in District Court was for the sole purpose of determining probable cause. Where jurisdiction is taken only for the purpose of ascertaining the existence of probable cause, jeopardy does not attach. *Kaye v. State*, 145 Me. 103, 72 A.2d 811 (1950).

■ As his final point on appeal, defendant challenges the sufficiency of the evidence, arguing that his conduct was justified under 17–A M.R.S.A. § 108 (1979). The jury could have found beyond a reasonable doubt, on the basis of sufficient evidence, that defendant was the initial aggressor and had not withdrawn from the encounter with Officer Graves. 17–A M.R. S.A. § 108(1)(B). *See* 17–A M.R.S.A. § 107 (1979).

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.