STATE of Maine

v.

Dayle R. JUDKINS.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1981.

Decided Feb. 2, 1982.

David M. Cox, Dist. Atty., Claire Julian (orally), Gary F. Thorne, Asst. Dist. Attys., Bangor, for plaintiff.

Paine & Lynch, Martha J. Harris (orally), John D. Bunker, Bangor, for defendant.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

NICHOLS, Justice.

The Defendant, Dayle R. Judkins, appeals from his conviction of an assault on an officer, a violation of 17–A M.R.S.A. § 752–A, as a result of a jury verdict in Superior Court, Penobscot County. On this appeal the Defendant challenges the Superior Court's denial of his motions to dismiss and to acquit as well as that court's refusal to give certain jury instructions which he requested.

We deny the appeal.

At about 2:00 A.M. on October 4, 1980, Officers John Roach and Joseph Ferland, while investigating a hit-and-run accident, spotted the Monte Carlo automobile that was the object of their search. Officer Ferland ran an information check on the Monte Carlo and determined that its registered owner lived at an address that was different from that of the residence where the automobile was presently parked. The officers called a wrecker to impound the automobile. Blocking access to, and parked in a driveway directly behind, the Monte Carlo was a green Chevrolet.

When the wrecker arrived Michael Cochran, Derald Cochran, and the Defendant emerged from the residence where the automobiles were parked. Michael Cochran asked what was going on. Officer Roach responded that the Monte Carlo was being impounded because it was involved in a hit-and-run accident. Officer Roach asked who owned the green automobile. The Defendant said that he owned it. Officer Roach asked him to move it. The Defendant declared that the car wasn't going anywhere and that he had lost the key to it. Officer Roach told the Defendant that he would direct the wrecker to move the green Chevrolet out of the way. The Defendant stood at the rear of the green Chevrolet. After a warning to move, Officer Roach arrested the Defendant for interfering with government administration in violation of 17–A M.R.S.A. § 751.

In preparing to conduct a pat-down search of the Defendant, Officer Roach placed the front of the Defendant's body against the side of the green Chevrolet and the Defendant's hands on the trunk of the automobile. At this point the Defendant struck Officer Roach on the right side of his head with the back of his left wrist and hand. Thereupon Officer Roach pushed the Defendant against the automobile. The Defendant grabbed the officer's face with both hands. Officer Roach then used his right hand to hit the Defendant's chin. The Defendant kicked Officer Roach in the lower abdomen, the groin, and the chest.

■ The Defendant's first contention is that the Superior Court erred in denying his motion to dismiss. We find no error. The

Defendant argued that the unavailability of two witnesses, Michael and Derald Cochran, justified dismissal of the case against him. He alleged that Michael Cochran's death and Derald Cochran's location "out of state in parts unknown" rendered them unavailable as witnesses for his defense. The Defendant did not explain the testimony that he expected from the two absent witnesses nor did he make a showing of due diligence to obtain the presence of the survivor at trial.

 The Defendant's second contention is that the Superior Court erred in denying his motion for judgment of acquittal. The Defendant had based his motion on three grounds. All three lack merit. The first was that the State had not proved that the complaint was brought by the chief administrative officer as required in 17-A M.R.S.A. § 752-A(2)[1]. 17-A M.R.S.A. § 752-A(1)(A)[2] lists the elements constituting a violation of § 752-A. The origin of the complaint is not an element of the offense and need not be proved to sustain this Defendant's conviction. The purpose of the requirement that the complaint be brought by the chief administrative officer "is to assure some degree of impartial administrative review" of a complaint brought under section 752-A. The imposition of a special restriction upon grand jury proceedings is not its purpose. *State v. MacArthur*, Me., 417 A.2d 976, 978 (1980). Lack of proof as to the origin of the complaint does not deprive the Superior Court of jurisdiction over section 752-A proceedings prosecuted by indictment. Any defects in a section 752 complaint become moot once a valid indictment is returned and they cannot divest the Superior Court of jurisdiction. *Denton v. United States*, 465 F.2d 1394 (5th Cir. 1972) and *Tanner v. United States*, 296 F.2d 218 (10th Cir. 1961); *cited with approval in State v. MacArthur*, Me., 417 A.2d at 978.

The indictment brought against the Defendant was valid. It conformed with the M.R.Crim.P. 7(c) requirement of "a plain, concise and definite written statement of the essential facts constituting the offense charged."

 The second ground for moving for judgment of acquittal was that the State had not proved that the force used by Officer Roach was reasonable under 17-A M.R.S.A. § 107 and that the Defendant's acts caused the bodily injury of Officer Roach. The proper standard for appellate review of a ruling on a motion for judgment of acquittal is whether the record contains sufficient evidence to support a jury determination of guilty. *State v. Millett*, Me., 392 A.2d 521, 523 (1978). Testimony of the Defendant and Officer Roach describing the scuffle provided ample evidence from which the jury could determine the reasonableness of the force used by Officer Roach and the cause of Officer Roach's injuries.

 The third ground upon which the Defendant based his motion for judgment of acquittal was that the State had not presented sufficient evidence for a jury determination that Officer Roach was acting within the scope of his official duties at the time of the alleged assault.

In his motion the Defendant's contention was

> there has been inadequate evidence from which a factfinder could find that [Officer Roach] was within the scope of his official duties *at this time of this particular assault.*

(Emphasis added.) The Defendant correctly pinpoints the time upon which we should focus in determining whether the officer was in the performance of his official duties, *i.e., after* the Defendant had been

---

1. 17-A M.R.S.A. § 752-A(2) provides that:
 A complaint for an assault on an officer may only be brought by the chief administrative officer of the law enforcement agency in which the officer against whom the assault was allegedly committed is a member.

2. 17 M.R.S.A. § 752-A(1)(A) provides:

1. A person is guilty of assault on an officer if:
 A. He intentionally, knowingly or recklessly causes bodily injury to a law enforcement officer while the officer is in the performance of his official duties;

arrested for obstructing government administration, 17–A M.R.S.A. § 751.[3]

Assuming that the arrest for obstructing government administration was illegal, "it is precisely in the circumstance when a person believes that he is being illegally arrested that section 752[4] is intended to function as a deterrent to violence." *State v. Austin*, Me., 381 A.2d 652, 654 (1978). As was stated in the official comment to 17–A M.R.S.A. § 752, which has been carried over as the official comment to what is now section 752–A:[5]

> The policy here is to discourage people in custody from a violent response to what they see as an illegal arrest.

17–A M.R.S.A. § 107 provides that a law enforcement officer is justified in using a reasonable degree of nondeadly force upon another person when he reasonably believes it necessary to effect an arrest unless he knows that the arrest is illegal. Thus, we must focus upon whether Officer Roach was acting within the scope of his official duties when he attempted to conduct a pat-down search of the Defendant after arresting the Defendant.

Clearly an officer may be acting within the scope of his official duties within the meaning of § 752–A even while making an illegal arrest. Were it not so, § 752–A would fail of its very purpose of deterring violent responses to what are perceived to be illegal arrests. *See Austin*, 381 A.2d 652. Here, the evidence showed that Officer Roach was acting within the normal scope of a policeman's powers; he was acting within the scope of what he is employed to do, rather than engaging in a frolic of his own. *See United States v. Young*, 614 F.2d 243, 244 (10th Cir. 1980); *United States v. Heliczer*, 373 F.2d 241, 245–46 (2d Cir.) *cert. denied* 388 U.S. 917, 87 S.Ct. 2133, 18 L.Ed.2d 1359 (1967); *cf. Kelley v. Dunne*, 344 F.2d 129, 132 (1st Cir. 1965). We need not define the outer boundaries of the scope of an officer's official duties to conclude that Officer Roach's actions were not outside them. Thus, it was not error to deny the motion for judgment of acquittal.

The Defendant's third contention on this appeal is that the Superior Court erred in its refusal to instruct the jury (1) on the meaning of "in the performance of his official duties" under 17–A M.R.S.A. § 752–A; (2) that Officer Roach could not lawfully direct that the green Chevrolet be moved; and (3) that the Defendant's actions did not cause the fracture of Officer Roach's hand.

■ Even though the Defendant did not object at trial to the jury instructions given by the Superior Court, the Law Court may review the instructions for obvious errors affecting substantial rights. *See* M.R. Crim.P. 30, 52(b); *State v. McEachern*, Me., 431 A.2d 39 (1981).

■ Turning to the first of the three requested instructions, as was observed above, the officer's use of reasonable force to effect an arrest is lawful *unless he knows* the arrest is illegal. *Austin*, 381 A.2d at 655. The Superior Court instructed the jury that:

> Note by Criminal Law Advisory Commission to 17–A M.R.S.A. § 752–A (Supp.1980). Section 752 proscribed knowing assaults (defined as causing bodily injury or offensive physical contact) upon a law enforcement officer while the officer is in the performance of his official duties. Section 752–A expands the culpable state of mind element while restricting the scope of illegal conduct by proscribing the intentional, knowing or reckless causing of bodily injury to a law enforcement officer while the officer is in the performance of his duties. *Compare* 17–A M.R.S.A. § 752 (Supp.1976) (repealed) *with* 17–A M.R.S.A. § 752–A (Supp. 1980).

**3.** 17–A M.R.S.A. § 751 provides:
1. A person is guilty of obstructing government administration if he uses force, violence, intimidation or engages in any criminal act with the intent to interfere with a public servant performing or purporting to perform an official function.
2. This section shall not apply to:
A. Refusal by a person to submit to an arrest;
B. Escape by a person from official custody, as defined in section 755.
3. Obstructing government administration is a Class C crime.

**4.** Section 752 was repealed by P.L. 1977, c. 656, § 1. "The substance of section 752 was reenacted by 1977, c. 656, § 2 in section 752–A."

**5.** *See* note 4 *supra*.

The legality or illegality of the arrest I instructed you is immaterial to a defendant's justification for using force against an arresting officer if, in fact, that you find force was used. An officer's use of a reasonable amount of force, if not excessive, is lawful unless the officer knows that the arrest is illegal.

The Defendant requested a second instruction to the effect that Officer Roach could not lawfully direct that the green Chevrolet be moved. This request was denied. The Defendant contends that had the jury been given this instruction, it would have been more likely to determine that the officer knew his order was illegal, and therefore knew the arrest was illegal. We disagree. The legality of the arrest for obstructing government administration does not turn upon either the legality of the order to move the green Chevrolet or Officer Roach's knowledge of the legality of that order. The relevant portion of 17–A M.R.S.A. § 751 proscribes interference "with a public servant performing or purporting to perform an official function." Assuming that Officer Roach knew that his order to move the Chevrolet was unlawful (and that such order was in fact unlawful), Officer Roach was still a public servant performing *or purporting to perform* an official function. Thus, the legality of the Defendant's *arrest* is unaffected by the legality of the *order to move the Chevrolet.* There was no error in refusing the Defendant's second requested instruction.

■ Failure to give the Defendant's third requested instruction likewise was not error. The jury received testimony from Officer Roach describing how he was injured. Determining the cause of the injury was a factual issue for resolution by the jury.

The entry, therefore, will be:

Appeal denied.

Judgment affirmed.

All concurring.