# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2023

Lyle W. Cayce
Clerk

—————————

No. 22-40607
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrian Kevin Campbell,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:21-CR-121-3

———————————————————————

Before Haynes, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Adrian Kevin Campbell pleaded guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine and was sentenced to a below-guidelines term of 120 months in prison with five years of supervised release. In this pro se appeal, he challenges the district court's jurisdiction and argues the court erred by denying various motions. Campbell also

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

disputes the sufficiency of the factual basis for his guilty plea and contends his right of self-representation was violated.

The Government is correct in urging that Campbell's unconditional guilty plea waived any nonjurisdictional defects preceding the plea. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). These include an alleged violation of his right to a speedy trial. *See United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). In addition, Campbell has failed to brief any argument concerning the denial of two motions filed while he awaited sentencing, and this constitutes another waiver. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). This court construes pro se filings liberally, but even pro se litigants must brief arguments to preserve them. *Id.*

As to the jurisdictional issues presented, our review is de novo. *See United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2019); *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002). Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Campbell's main contention is that the district court was without jurisdiction based on a defect in the indictments. He argues that because the Government failed to allege that his offense injured the general public, it failed to establish the existence of a case or controversy supporting the exercise of jurisdiction under Article III.

The Supreme Court has observed that the violation of a federal criminal statute necessarily gives rise to a justiciable case or controversy. *See Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Campbell does not argue otherwise; the defect he alleges is one of form. But as the Government points out, it is well established that defects in an indictment do not deprive the district court of subject-matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *Isgar*, 739 F.3d at

838. As Campbell fails to show that a different conclusion is warranted here, we reject his claim that the district court lacked jurisdiction under Article III.

Campbell's remaining jurisdictional arguments fare no better. His attacks on the district court's personal and territorial jurisdiction are meritless. *See United States v. Dunham*, 995 F.2d 45, 45 (5th Cir. 1993); *United States v. Vicars*, 467 F.2d 455, 456 (5th Cir. 1972). And any technical defects in the criminal complaint are immaterial. *See Denton v. United States*, 465 F.2d 1394, 1395 (5th Cir. 1972).

The next issue is whether Campbell is correct that his factual basis fails to prove an agreement or other facts necessary to support his conviction. Federal Rule of Criminal Procedure 11(b)(3) provides that a guilty plea must be supported by admissions sufficient to establish a violation of the offense to which the defendant is pleading guilty. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Campbell admitted to a factual basis that shows he played an active, managerial role in an ongoing scheme to use couriers to transport large amounts of cocaine. This sufficed to prove each element of the offense. *See United States v. Scott*, 892 F.3d 791, 798 (5th Cir. 2018); *United States v. Bams*, 858 F.3d 937, 945 (5th Cir. 2017).

Campbell represented himself in the district court, and his final claim concerns a continuance motion filed by the attorney appointed to act as standby counsel. According to Campbell, the motion was filed without his consent and violated his right of self-representation.[1] *See Faretta v. California*, 422 U.S. 806, 819-20 (1975). Standby counsel must not infringe on a defendant's right to represent himself, and an improper denial of the right cannot be harmless. *McKaskle v. Wiggins*, 465 U.S. 168, 177 & n.8

---

[1] We do not address whether this claim was waived by Campbell's guilty plea.

(1984). We review claims invoking the right de novo. *United States v. Cano*, 519 F.3d 512, 515-16 (5th Cir. 2008).

The instant claim is deficient in two respects. First, Campbell fails to show that the continuance affected his defense or his "control [over] the organization and content" thereof. *McKaskle*, 465 U.S. at 174. Second, standby counsel's participation undermines *Faretta* rights only if it is "over the defendant's objection," and Campbell did not object to the continuance. *United States v. Long*, 597 F.3d 720, 728 (5th Cir. 2010) (internal quotations and citation omitted). He disputes this, writing that although a transcript records him saying he "won't oppose" a continuance, he in fact said opposite. Campbell did not attempt to correct any errors in the record and does not suggest he was prevented from doing so. *See* Fed. R. App. P. 10(e). This court "[c]an only take the record as it finds it," and we find no support for Campbell's assertion in the record before us. *Brookins v. United States*, 397 F.2d 261, 262 (5th Cir. 1968) (internal quotation marks and citation omitted).

We do not construe Campbell's argument concerning the continuance motion as alleging ineffective assistance of counsel, as "a defendant is not entitled to relief for the ineffectiveness of standby counsel." *United States v. Oliver*, 630 F.3d 397, 414 (5th Cir. 2011). Even assuming the existence of an attorney-client relationship, a claim of ineffective assistance would be premature on this record. *See Isgar*, 739 F.3d at 841. To the extent Campbell suggests he was pressured into pleading guilty, the suggestion is refuted by statements made in his plea colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

For these reasons, the judgment is AFFIRMED.