STATE OF MAINE *vs.* MAINE CENTRAL RAILROAD COMPANY.

Kennebec.    Opinion April 6, 1885.

*Indictment. Nolle prosequi. Practice.*

The statutory indictment against a railroad corporation to recover damages for the loss of the life of a person alleged to have been killed by the negligent management of a train under the control of such corporation, partakes in all practical respects so much of the nature of a civil proceeding that it may be, with leave of court, discontinued by a *nolle prosequi*, entered by the

prosecutor whilst the cause is on trial before the jury, the defendant resisting the entry and claiming the right to have a verdict rendered.

On exceptions from superior court.

Indictment against defendant corporation for alleged negligence in the running of a locomotive engine, in Hallowell, June 17, 1884, whereby one Henry M. C. Benner, was instantly killed.

After the cause had been opened to the jury, and evidence put in on the part of the government, but not concluded, the prosecuting attorneys were allowed to enter a *nolle prosequi* against the defendant's objection, and the defendant alleged exception.

*W. T. Haines,* county attorney, for the state.

*Baker, Baker & Cornish,* and *G. C. Vose,* for the defendant.

Peters, C. J.   Whilst the trial was going on under this indictment, the evidence being partially in, the prosecutor was permitted by the presiding judge to discontinue the indictment by entering a *nolle prosequi.*   The discontinuance was entered according to the civil, and also according to the criminal form, of procedure.   If the proceeding is a civil suit, the nonsuit was allowable.   But otherwise, if a criminal prosecution, for at such stage of the trial, the alleged criminal, if he demanded it, would have the right to have a verdict rendered.   *State* v. *Smith,* 67 Maine, 328.

We think the proceeding is essentially civil in its nature, — in form a criminal prosecution, —in fact a suit.   It is for reasons a privileged proceeding.   It has the rights incident to a civil suit, and something more.   It would have a less right than belongs to a civil action, if the prosecutor can not, the court assenting to the act, become nonsuit before the cause be committed to the jury.   Our opinion is that the prosecutor had such right, and that it could be done by nonsuit or *nolle prosequi,* although *nolle prosequi* would be the more formal and accurate entry.   *State* v. *Railroad,* 58 Maine, 176 ; *State* v. *Railroad,* 67 Maine, 479 ; *State* v. *Railroad,* 76 Maine, 357.

*Exceptions overruled.*

Walton, Danforth, Virgin, Libbey and Haskell JJ., JJ., concurred.