STATE *vs.* BENJAMIN KOPELOW

Penobscot.    Opinion   October   1,   1927.

*The accused must claim his right to have a speedy trial and make a demand for trial.   Such right may be waived by the conduct of the accused.*

*The whole or any part of an indictment may be nol prossed, even against the objection of respondent, before a jury is empaneled or after verdict, but if entered after verdict, the indictment being sufficient, the verdict will be a bar to further prosecution for the same offense.*

*During trial on a criminal prosecution a nol pros may not be entered against will of respondent, as he is entitled to a verdict if demanded.*

*A nol pros does not discharge the respondent finally, nor does it operate as an acquittal, for he may afterwards be again indicted for the same offense.*

*A motion in arrest of judgment can only be made on account of some intrinsic defect apparent on inspection of the records.*

On exceptions.   Respondent was convicted of illegal transportation of intoxicating liquor.   Exceptions were taken by respondent to a ruling upon amended pleading;  to a ruling excluding an exhibit; and to a denial of a motion in arrest of judgment.   Other exceptions also were taken by respondent to the procedure alleging that the arrest was not made within a reasonable time after the warrant was issued.   Exceptions overruled.   Judgment for the State.

The case fully appears in the opinion.

*George F. Eaton,* County Attorney, for the State.

*George E. Thompson and Ross St. Germain,* for respondent.

SITTING:  WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

PHILBROOK, J.   Upon a charge of illegal transportation of intoxicating liquor this case originated in the Bangor Municipal Court, came to the Superior Court for Penobscot County by appeal, and was tried before a jury which returned a verdict of guilty.

From the record it appears that before trial in the Superior Court the presiding justice dictated the following to the stenographer: "Respondent files amended pleadings. State files demurrer. Demurrer sustained. Respondent takes exceptions. Respondent then prays for leave to go to trial on the merits of the case without waiver of his exceptions and this the court permitted him to do and the case will be in order for trial." After verdict the respondent filed a motion in arrest of judgment which was overruled.

Finally a bill of exceptions, five in number, was presented to and allowed by the presiding justice. The stipulation in the bill is that the evidence, motion in arrest of judgment, the docket entries, pleas, demurrers, respondent's exhibit No. 1, notation on the record by the court preceding trial and record of Bangor Municipal Court, are specifically made a part of the exceptions.

EXCEPTION I. This involves the ruling upon the amended pleading filed in the Superior Court at the September term, 1926, and before jury trial was begun.

From the record, and bill of exceptions, as allowed by the justice in the court below, we learn that this same respondent, charged with illegal transportation of a certain quantity of intoxicating liquor, to wit, one gallon can full of alcohol, on May 19, 1926, was arrested on May 24, 1926, and brought before the Bangor Municipal Court, that being the court from which the warrant was issued. The records of that court, specifically made part of the bill of exceptions, show that on said May 24, after arraignment and plea of not guilty, the respondent was admitted to bail, and the case continued to May 31, 1926, for further hearing. Continuances for further hearing were ordered to June 1, to June 8, and continuance final to July 13, on which date, the State having failed to appear and prosecute, the case was dismissed. In the exception now under consideration the respondent alleges that on said July 13, he was "then and there in court ready for his trial as said court was duly convened and in session by the Judge of said court on the bench, that said case was called for trial and the State failed to appear with its prosecution and that said court was then and there a court of competent jurisdiction to hear, conduct and sentence upon the complaint." He also alleges that there was no material necessity for the dismissal of his case to which he was a party, or for which he could be held at fault, and that he

"was entitled to be heard by himself and his counsel or either at his election, and to demand the nature and cause of the accusation, and to be confronted by the witnesses against him, and to have a speedy, public and impartial trial, all of which provisions were denied to him."

But the right of the accused to have a speedy trial may be waived by his own conduct. He must claim his right if he wishes for its protection. *State* v. *Slorah*, 118 Maine, 203. If he does not make a demand for trial, he will not be in a position to demand a discharge because of delay in prosecution. 8 R. C. L. 74.

Granting the fact of his presence in court, "ready for trial," the record is devoid of any evidence that he made any demand for trial or objected to dismissal of the case.

Moreover, it is well settled law in this jurisdiction that the State may enter a *nolle prosequi* to the whole or any part of an indictment, even against the objection of the respondent, before a jury is empaneled or after verdict; and it may be entered at any time pending a plea in abatement, demurrer, or motion in arrest of judgment; but of course if entered after verdict, and the indictment is sufficient, the verdict will be a bar to any new indictment for the same offense. *State* v. *Smith*, 67 Maine, 328; nor do we overlook the equally well settled rule that while trial is going on, the evidence being partially in, if the case is a criminal prosecution, *nolle prosequi* may not be entered against respondent's will since he would have the right to have a verdict rendered if he demands it. *State* v. *M. C. R. R. Co.*, 77 Maine 244. It should be further noted, upon the authority of *State* v. *Nutting*, 39 Maine, 359, and several cases there cited, that a *nolle prosequi* in criminal proceedings is nothing but a declaration on the part of the prosecuting officer that he will not at that time prosecute the suit further. Its effect is to discharge the respondent and permit him to leave the court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense.

On July 27, 1926, another warrant, admittedly against the same respondent and for the same offense charged in the warrant of May 24, 1926, was issued from the Bangor Municipal Court, upon which he was tried, found guilty and sentenced. From this sentence he appealed to the Superior Court then next to be held in September, 1926, and it is upon this appeal that the present case was heard, and

during the trial of which the amended pleading was presented and demurrer offered by the State. The amended pleading was, in effect, a plea in bar and, from what we have already said, the ruling of the court below was correct.

EXCEPTION II. This exception relates to the exclusion of respondent's exhibit one, which was the record of the Bangor Municipal Court relating to the conduct and dismissal of the case of May 24. When the exhibit was offered, in answer to the inquiry by the court as to the purpose for which it was offered, counsel for the respondent said that it was offered to show that the same offense which was charged in the complaint then being tried had been already charged in May of the same year; that the May case was continued from time to time at the request of the State; that the State had final notice to press its claim on July 13th, which it failed to do; that it afterward started this new complaint, the one then being tried, exactly in form as the May complaint; that under the constitution of this state a respondent has a right to a speedy trial, which was denied the respondent in the May case; that such denial was not necessarily one of former jeopardy but a question of right which the respondent had, and that the exhibit was offered "for the purpose of laying a foundation to show by the court procedure later on that this man was denied a right of speedy trial." By the State's demurrer to the amended pleading the identity of the respondent and offense charged in the case on trial was admitted to be the same as that in the May case. Under this exception no claim of former jeopardy was advanced. The analogy of legal principle in exception two with that contained in exception one being practically the same, the discussion of exception one applies to exception two. The respondent was not legally aggrieved by the ruling and this exception avails him nothing.

EXCEPTIONS III AND IV. These relate respectively to the proceedings in the May case, which have already been sufficiently discussed, and to the claim that by the complaint and warrant on trial in the Superior Court the respondent was not arrested within a reasonable time after the warrant was issued. The warrant was dated July 27 and the arrest was on August 3. Surely this was not an instance of unreasonable delay. It does not appear that the respondent was legally aggrieved by any delay in arrest. These two exceptions avail nothing.

EXCEPTION V. This relates to the overruling of the motion in arrest of judgment. The points upon which the respondent relies in support of this exception are: (1) that in his pleading the respondent raised an issue involving a question of fact, to wit, was the respondent denied a speedy trial; to this the State replied by general demurrer, not by replication; it being a question of fact as to whether or not respondent was denied a speedy trial, under all the circumstances of the case, from its beginning, the court erred in ruling the demurrer good as a matter of law; (2) that the court erred in excluding testimony relative to the facts of the former complaint, inasmuch as it had been testified to previously that the former warrant and the present warrant involved the same facts, which under the pleadings the respondent had placed in issue; (3) that the court erred in excluding evidence for the same cause as that stated in (2); (4) that the State's attorney should have replied to the pleading by replication and not by general demurrer, the respondent's pleading involving a question of fact.

It should here be observed that the rule which prevails in this state, as well as at common law, is that a motion in arrest of judgment can only be made on account of some intrinsic defect apparent on inspection of the record. *State* v. *Henry*, 98 Maine, 561.

This respondent was tried upon appeal from the complaint and warrant dated July 27, and not upon the case originating in May. The latter case was concluded before the instant proceeding was instituted. To the complaint and warrant with which this case is concerned, the respondent, after interposing certain legal objections, went to trial on the merits of the case and a verdict of guilty was found against him. After examination of the record and respondent's brief, and applying the rules of law pertinent to a motion in arrest of judgment, we perceive no error in the ruling by the court below denying the motion here being considered. The elements relied upon by the respondent in his motion do not fall within the rules of law governing such motion. *State* v. *Houlehan*, 109 Maine, 281.

*Exceptions overruled.*
*Judgment for the State.*