**STATE of Maine**

v.

**Thomas WELLS.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1982.

Decided March 29, 1982.

David M. Cox, Dist. Atty., Margaret Kravchuk, Asst. Dist. Atty., Bangor (orally), for plaintiff.

Marshall T. Cary, Bangor (orally), for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

ROBERTS, Justice.

The State has appealed the dismissal by the Superior Court, Penobscot County, of an indictment charging Thomas Wells with Terrorizing (Class D), 17-A M.R.S.A. § 210. The Superior Court ruled that an earlier dismissal by the District Court of a complaint based on the identical charge precluded subsequent prosecution by way of indictment. We affirm the judgment of the Superior Court.

On July 14, 1981 the State filed a complaint in District Court, Bangor, charging Wells with an act of terrorizing on July 13, 1981. On July 23 the case was called in District Court. The defendant and his court appointed attorney were present and ready for trial. The State, however, informed the District Court it was not ready to proceed and requested a continuance. The District Court denied the request and dismissed the complaint.

The State did not appeal that dismissal.[1] Rather, it presented the case to a Grand Jury on August 4, 1981 and obtained an indictment against the defendant based upon the same facts as the earlier complaint. On August 7, 1981, the defendant filed a motion to dismiss the indictment. A non-testimonial hearing was conducted by the Superior Court. The defendant presented the Court with a copy of the District Court complaint which had a written notation on the bottom:

"7/23/81 case called

state not ready for trial

case is dismissed"

The Superior Court granted the motion to dismiss. That Court made no specific findings when it did so. The Superior Court order merely states "This Motion is hereby GRANTED/Case dismissed."

The State argues that the result in this case must be governed by our decision in *State v. Kopelow*, 126 Me. 384, 138 A. 625 (1927). In *Kopelow* the State failed to appear for trial in Municipal Court after that court had granted three continuances. *Id.* at 385, 138 A. at 626. The Municipal Court dismissed the case. *Id.,* 138 A. at 626. The defendant was subsequently brought to trial in Municipal Court, found guilty, was tried again by jury in Superior Court by way of appeal and was again found guilty. *Id.* at 384, 138 A. at 625. In Superior Court the defendant objected to the proceedings following the initial dismissal of the case, arguing an infringement of his right to a "speedy, public, and impartial trial." *Id.* at 386, 138 A. at 626. This objection was overruled and preserved for review by this Court. We held on appeal that the defendant's right to a speedy trial had been waived by his own conduct as the record was "devoid of any evidence that he made any demand for trial or objected to dismissal of the case." *Id.* at 386, 138 A. at 626. We went on to note in *Kopelow* that "it is well settled law in this jurisdiction that the State may enter a *nolle prosequi* to the whole or any part of an indictment, even against the objection of the respondent, before a jury is impaneled or after verdict . . . but of course if entered after verdict, and the indictment is sufficient, the verdict will be a bar to any new indictment for the same offense." *Id.,* 138 A. at 626. We further noted "that a *nolle prosequi* in criminal proceedings is nothing but a declaration on the part of the prosecuting officer that he will not at that time prosecute the suit further. Its effect is to discharge the respondent and permit him to leave court without entering into a recognizance to appear at any other time; but it does not operate as an acquittal for he may afterwards be again indicted for the same offense." *Id.,* 138 A. at 626.

The defendant in reply contends that the District Court's denial of the State's motion

---

1. 15 M.R.S.A. § 2115–A(1) authorizes such an appeal to be taken directly to the Law Court. That section provides in pertinent part that "[a]n appeal may be taken by the State in criminal cases on questions of law from the District Court . . . to the Law Court . . . from a pretrial dismissal of . . . [a] complaint. . . ."

for a continuance and its dismissal of the case were proper. The defendant then argues that the District Court action was "final" and, therefore, the dismissal by the Superior Court was proper.[2] Central to the defendant's argument is his contention that the State should not be allowed to "circumvent the dismissal of the complaint by the District Court by later indicting the defendant on the same charge." If the State is aggrieved, argues the defense, it should appeal the District Court ruling to this Court rather than totally ignore the action taken in the District Court.

Since our decision in *Kopelow* we have adopted rules which now control the procedures governing criminal proceedings. These rules "are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." M.R.Crim.P. 2; D.C. Crim.R. 1. The rules will achieve the purpose for which they were adopted only if courts obey this direction. *See* H. Glassman, *Rules of Criminal Procedure with Commentaries*, § 2.1 (1967). The rules have the force of law. *See Cunningham v. Long*, 125 Me. 494, 496, 135 A. 198, 199 (1926); 4 M.R.S.A. § 9.

Our rules of criminal procedure were modeled upon the Federal Rules of criminal procedure. As then Chief Justice Williamson commented "[i]t may fairly be said that we have adopted the Federal Rules tailored to our needs." Introduction, *Maine Rules of Criminal Procedure* (1965). When a rule has changed existing practice, prior Maine decisions are not persuasive, H. Glassman, *Rules of Criminal Practice with Commentaries*, § 2.5 (1967); rather, we interpret the Rules with an eye toward earlier practices in this State, the changes contemplated by the adoption of the Rules, and often by turning to sources of federal authority as useful tools to accomplish the purpose of the Rules as stated above.

District Court Criminal Rule 48(b) provides "[i]f there is unnecessary delay in bringing a defendant to trial, the court may upon motion of the defendant dismiss the complaint." The purpose of the rule ensures not only a criminal defendant's *constitutional* right to a speedy trial, but also furthers important judicial policy considerations of relief of trial court congestion, prompt processing of all cases reaching the courts and advancement of the efficiency of the criminal justice process. *See State v. Estencion*, 625 P.2d 1040, 1043 (Hawaii 1981). Unreasonable delay in the determination of criminal actions subverts the public good and disgraces the administration of justice. *People v. Solomon*, 296 N.Y. 85, 70 N.E.2d 404 (1946), *cited in Estencion*, 625 P.2d at 1043. Appreciation of these policy considerations have led a number of Federal Courts to conclude that trial courts have the inherent power to dismiss a case for failure to prosecute with due diligence. This power is independent of and distinct from the power which the Federal Speedy Trial Act, 18 U.S.C. §§ 3161–74, vests in the District Courts. *United States v. Mehrmanesh*, 652 F.2d 766, 771 (9th Cir. 1981); *United States v. Peters*, 587 F.2d 1267, 1270 n.6 (D.C.Cir. 1978); *United States v. Carpenter*, 542 F.2d 1132, 1134 n.2 (9th Cir. 1976); *United States v. Clay*, 481 F.2d 133, 137 (7th Cir.), *cert. denied*, 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973). Likewise, the power is additionally distinct from that which resides in the Court as a result of Sixth Amendment considerations. "[Federal] Rule 48(b), authorizing dismissal for unnecessary delay, is a vehicle for enforcing the Sixth Amendment right to a speedy trial, but that is not all it is. It is a restatement of the inherent power of the court to dismiss a case for want of prosecution, and that power of the court is not circumscribed by the Sixth Amendment. The court can dismiss whenever there has been unnecessary delay without being required to decide whether the delay was of such a nature as to deprive the

---

2. The defendant has also argued that the double jeopardy clauses of the Maine and United States Constitution, given these circumstances, should bar his prosecution by indictment. We do not reach and express no opinion upon the merits of the appellee's double jeopardy claim.

defendant of a constitutional right." 3 C. Wright, *Federal Practice and Procedure*, § 814 at 309–10 (1969). Thus, the proper inquiry under Rule 48 goes not only to the *length* of delay but necessarily also addresses the *reasons* for the delay.[3]

 To accomplish the orderly administration of criminal justice the District Court must have the authority to dismiss a case on the ground that the State has failed to prosecute with due diligence. Although the District Court may not necessarily intend such a dismissal to preclude further prosecution, the Court's discretion to enter an order which will bar further prosecution is a necessary corollary of its authority. The proper vehicle for review of that exercise of discretion lies in a direct appeal. Any other conclusion would render nugatory a final order of dismissal and deprive the District Court of all practical control over its criminal calendar. As with all sanctions, however, the sanction of final termination should be exercised sparingly.

 We must next determine whether the Superior Court erred when it concluded, as it obviously did, that the District Court's order of dismissal was intended to be a final termination of this prosecution. Both courts should be aware of the possibility of further proceedings and should take care to enter an order of dismissal under Rule 48(b) which makes clear whether the order is intended as a final termination of all prosecution on that charge. Here, however, several circumstances support the conclusion of the Superior Court that the dismissal order of the District Court was intended to terminate prosecution. At the District Court level the defendant and his attorney were present and prepared for trial. The State advised the District Court it was not prepared for trial and requested a continuance. The dismissal was entered by the District Court following the denial of the State's request. If not a final termina-

tion, the dismissal would accomplish indirectly exactly what the District Court had just refused directly—a continuance. The State did not seek a clarification or modification of the order. Indeed, the State made no attempt to initiate further proceedings against the defendant in District Court. Rather, it attempted to bypass the District Court altogether by presenting the case to the Grand Jury.

We emphasize that we do not comment upon whether the District Court dismissal was in fact an abuse of that Court's discretion. We suggest only that the proper avenue for relief available to the State was to appeal the order of the District Court rather than to obtain an indictment in the Superior Court. In the absence of such an appeal the propriety of the District Court's dismissal is not now before us. We hold only that the order of the Superior Court dismissing the indictment was correct.

The entry is:

Judgment affirmed.

All concurring.

---

3. We emphasize that we are here concerned with a District Court dismissal of a complaint scheduled for trial which charged the defendant with terrorizing in violation of 17–A M.R.S.A. § 210(1)(A). A violation of section 210(1)(A) constitutes a Class D offense. 17–A M.R.S.A. § 210(2). We do not address and intimate no opinion upon the effect of a District Court dismissal under any other circumstances.