**STATE of Maine**

v.

**Mikeal LEMAR.**

Supreme Judicial Court of Maine.

Argued Sept. 11, 1984.

Decided Oct. 29, 1984.

David W. Crook (orally), Dist. Atty., William E. Baghdoyan, Asst. Dist. Atty., Augusta, for plaintiff.

James E. Millett (orally), Waterville, for defendant.

Before McKUSICK, C.J., NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ., and DUFRESNE, A.R.J.

NICHOLS, Justice.

This case raises the issue of whether a trial court has the authority to dismiss a criminal complaint brought before it for prosecutorial error committed during the trial. The State appeals from an order entered in Superior Court, Kennebec County, dismissing with prejudice a criminal complaint against the Defendant, Mikeal

Lemar, for operating a motor vehicle while under the influence of intoxicating liquor.

We vacate the judgment of dismissal.

The Defendant was arrested and charged on January 25, 1983 with operating a motor vehicle in the town of China while under the influence of intoxicating liquor. 29 M.R.S.A. § 1312-B (Supp.1983–1984). Upon arraignment in District Court (Augusta), on March 10, 1983, the Defendant entered a plea of not guilty. Four days later the Defendant filed with the District Court a motion to dismiss and a motion to suppress evidence of the Defendant's statements concerning the giving or refusal of implied consent. On May 9, 1983, the District Court denied the motion to dismiss, but suppressed the Defendant's statements regarding the number of beers the Defendant had consumed. The suppressed statements were found to have been made prior to *Miranda* warnings.

Pursuant to the Defendant's seasonable request the District Court ordered on May 9, 1983 that the case be transferred for trial to the Superior Court. The case was set for trial in the Kennebec Superior Court on August 8, 1983. However, the case was not reached on that trial list and was rescheduled for October 17, 1983. On October 17, 1983, the Defendant filed his first motion for continuance, claiming that his key witness would be unavailable until after December 1, 1983. The Defendant's motion, not objected to by the State, was granted and the case re-set for the trial list of December 12, 1983.

On December 9, 1983, the Defendant's key witness was still unavailable and a second motion for continuance was filed by the Defendant. Again, the motion was granted without objection from the State and the case was rescheduled for the trial list of January 1984.

Following jury selection, trial commenced on January 26, 1984. Prior to opening statements by counsel, the Defendant objected to the use of information from extrajudicial statements allegedly made by the Defendant, but which had not previously been provided to the Defendant. An offer by the State to continue the matter was rejected by the Superior Court and the evidence was ordered excluded.

Upon the conclusion of the State's opening statement, the Defendant moved for a mistrial, alleging that the State had placed an unconstitutional burden on the Defendant to testify. The prosecutor had commented in his opening statement, "compare that [the trooper's testimony] to whatever the testimony of any defense witnesses may be ...." The Superior Court granted the Defendant's motion for mistrial and then, in addition, on its own motion, ordered that the case be dismissed with prejudice, stating the following:

> You [the prosecutor] have committed a violation of something that I think should be clear to every prosecutor within the country, certainly every prosecutor in this state from the number of cases the Law Court's handed down, the *Turner* case or any of the others. It's black-letter law, you don't tell the jury to compare the testimony of your witness with testimony of the defendant's witnesses in a criminal case. The motion is granted. The case is dismissed with prejudice.

The Superior Court reiterated the basis of its orders of mistrial and dismissal as it discharged the jury of its duties. The Superior Court, with the jury not present, again reprimanded the prosecutor concerning his Fifth Amendment knowledge. The State filed its appeal to this Court pursuant to 15 M.R.S.A. § 2115-A (1979).[1]

At the outset, it should be noted that the State seeks review of only the order dismissing this case and does not herein dis-

---

1. Even though the Defendant urges that the State failed to file a proper appeal in this case under 15 M.R.S.A. § 2115-A (1979), we see no merit in this contention and find that the chronology of this case is analogous to that which we upheld in *State v. Pierce,* 459 A.2d 148 (Me. 1983) in interpreting section 2115-A.

pute the ordering of a mistrial.[2] Accordingly, our focus is on whether the Superior Court possessed the necessary authority, under the facts presented in this case, to dismiss, on its own motion, the criminal complaint against the Defendant for prosecutorial error committed during the trial. Upon review of this issue of first impression for the Court, we find no such authority recognized by statute, rule or decision of this Court.

■ In the past, we have on numerous occasions analyzed the effects that improper prosecutorial statements and tactics may have on a defendant's constitutional rights. We have determined that the prosecutor bears a responsibility to help ensure a fair trial.[3] Vested in this responsibility is the prosecutor's obligation to avoid violating a defendant's constitutional right to remain silent. *See* Me. Const. art. 1, § 6; U.S. Const.Amend. 5; *State v. Turner,* 433 A.2d 397, 401 (Me.1981);[4] *State v. Libby,* 410 A.2d 562, 564 (Me.1980); *State v. Tibbetts,*

299 A.2d 883, 888 (Me.1973). Our conclusions today in no way depart from our firm stance regarding prosecutorial error, the guarantee of a fair trial, and, more specifically, a defendant's right to remain silent.

The Defendant would have us find that the Superior Court properly dismissed this case pursuant to M.R.Crim.P. 48(b).[5] Rule 48(b) primarily concerns a defendant's right to a speedy trial.[6] We find the Defendant's contention under Rule 48(b) to be unpersuasive for three principal reasons. First, the Defendant made no motion for dismissal. Second, any delay in commencing the trial in question transpired from the Defendant's own successful motions for continuance.[7] Third, and more important, Defendant's interpretation would lead us to ignore a record that is replete with the Superior Court's statements regarding prosecutorial error as the cornerstone of its dismissal. We therefore decline to pursue herein a course not justified by the facts of this case.

---

**2.** We do not address potential double jeopardy problems in this case where prosecutorial *error* was made and no *intent* on the part of the prosecutor *to provoke* a mistrial is evident from the record. *See Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (prosecutorial misconduct intended to provoke mistrial barred second trial under double jeopardy clause of United States Constitution).

**3.** *See State v. McDonald,* 472 A.2d 424, 426 (Me. 1984) (disparaging references made in prosecutor's closing argument concerning the defendant's defenses found impermissible); *State v. Gaudette,* 431 A.2d 31, 34 (Me.1981) (prosecutor's eliciting of testimony that was inadmissible hearsay, irrelevant, and highly prejudicial found improper); *State v. Carmichael,* 395 A.2d 826, 828 (Me.1978) (scope of prosecutor's questions concerning defendant's prior conviction found highly improper); *State v. Littlefield,* 374 A.2d 590, 594 (Me.1977) (insensitive prosecutorial comments made to the press prior to trial found improper); *State v. Wyman,* 270 A.2d 460, 463 (Me.1970) (prosecutor's cross-examination found improper).

**4.** In *State v. Turner,* we expressly found that the protection we had afforded criminal defendants concerning summary by the State during closing arguments, as set forth in *State v. Tibbets,* 299 A.2d 883, was similarly applicable to opening statements. 433 A.2d at 401.

**5.** M.R.Crim.P. 48(b) provides:

(b) If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the Superior Court, or if there is *unnecessary* delay in bringing a defendant to trial, the court *may upon motion of the defendant* dismiss the indictment, information, or complaint. The court shall direct whether the dismissal is with or without prejudice.

(emphasis added).

**6.** We noted in *State v. Wells,* 443 A.2d 60, 63 (Me.1982), that in addition to speedy trial considerations, the purpose of M.D.C.Crim.R. 48(b) encompasses a concern over trial court congestion. As we indicated in *Wells,* a number of federal courts have recognized an inherent authority to dismiss for "unnecessary delay." *Id.* at 63–64. However, we explicitly limited our discussion of Rule 48(b) to the facts presented in *Wells* and do not today expand our earlier decision by finding that the trial court had authority to dismiss this case. *Id.* at 64 n. 3.

**7.** "Unnecessary delay" under Rule 48(b) "necessarily also addresses the reasons for the delay." *State v. Wells,* 443 A.2d at 64 (Me.1982).

We do not reach the question of whether trial courts in this State have inherent authority to dismiss a criminal complaint for long-standing official misconduct. *See United States v. Broward,* 594 F.2d 345 (2d Cir.1979); *United States v. Fields,* 592 F.2d 638 (2d Cir.1978).[8] The record before us discloses no long-standing official misconduct to support such an inquiry in this case.

Finally, we need not address the issue of whether the trial court has inherent authority, apart from M.R.Crim.P. 48(b), to dismiss an action for unfair delay caused by prosecutorial misconduct or error. We conclude only that upon the facts of this case a dismissal for prosecutorial error exceeds the bounds of any discretion resting in the trial court.

The entry is:

Judgment of dismissal vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

8. In the Second Circuit the United States Court of Appeals has emphasized that the sanction of dismissal is extreme and only to be approved

"when the pattern of misconduct is widespread or continuous." *United States v. Fields,* 592 F.2d 638, 648 (2d Cir.1978) (citations omitted).