**STATE of Maine**

v.

**Patrick V. LAGASSE.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1993.
Decided July 1, 1993.

Neale T. Adams, Dist. Atty., Carrie L. Linthicum (orally), Asst. Dist. Atty., Caribou, for the State.

Eugene J. McLaughlin (orally), Presque Isle, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

COLLINS, Justice.

Patrick V. Lagasse appeals from a judgment of the Superior Court (Aroostook County, *Pierson J.*) affirming the judgment of the District Court (Presque Isle, *Griffiths, J.*), finding him guilty of operating a motor vehicle while under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (Pamph.1992), but vacating the sentence imposed and remanding the case to the District Court for resentencing.[1] Lagasse contends that he was denied a trial by jury and challenges the sufficiency of the evidence to support the conviction. We affirm the judgment of the Superior Court.

There is considerable confusion in the record before us as to what transpired at Lagasse's arraignment before the District Court relating to his request for the appointment of counsel. The record is clear, however, that Lagasse entered a plea of not guilty and a trial date was set. Sometime thereafter, the trial court appointed counsel for Lagasse and continued the trial of the matter for a period of 21 days. It is uncontroverted that at arraignment Lagasse was provided with a jury trial request form. It was not until the morning of the trial, however, that Lagasse made an oral motion requesting a trial by jury which was denied by the trial court as being untimely.

 We first address Lagasse's contention he was denied a trial by jury. Where, as here, a defendant is charged with a Class D offense in the District Court the procedure of M.R.Crim.P. 22 requires the defendant to make a demand for a jury trial not later than 21 days after arraignment. Substantially more than 21 days had elapsed from the date of Lagasse's arraignment until the time the District Court appointed counsel to represent him and continued the trial date on the charges. At no time in the intervening period between the appointment of counsel and the date of trial did Lagasse request a jury trial, nor is there any record of Lagasse seeking a continuance of that trial date or challenging the validity of his arraignment. We do not agree with the State that Lagasse waived his right to a jury trial by

**1.** The Superior Court held that the record disclosed the District Court's intention to impose a minimum penalty of 30 days pursuant to 29 M.R.S.A. § 1312–B(2)(D) rather than the 90–day sentence imposed.

failing to file a request within 21 days following his arraignment, where, as here, it is not clear whether there had been a resolution of his right to appointed counsel. However, in the circumstances of this case, as reflected by the record, particularly since Lagasse, once represented by counsel, waited until the morning of the trial to request a trial by jury, we cannot say the District Court erred in denying his request. *See State v. Wells,* 443 A.2d 60, 63 (Me. 1982). Moreover, Lagasse's proffered justification for the delay in moving for a trial by jury, that he knew the demand would be denied, is inadequate.

Contrary to Lagasse's second contention, from the evidence in the record, the trier of fact rationally could find beyond a reasonable doubt that Lagasse was operating a motor vehicle while under the influence of intoxicating liquor. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.