STATE OF MAINE                                SUPERIOR COURT
KENNEBEC, ss                                  CRIMINAL ACTION
                                              DOCKET NO. CR
                                              NM - KEN - 1/11 201

STATE OF MAINE

         v.                                   ORDER ON MOTION TO DISMISS

NATALIE ERICKSON,

         Defendant

Before the court is Defendant Natalie Erickson's motion to dismiss the complaint against her for failure to give notice of the summons or complaint and for failure to commence prosecution. For the following reasons, the motion is granted.

BACKGROUND

The defendant is charged with one count of operating under the influence, a class D crime. The Waterville Police Department stopped the defendant on April 28, 2002. On that date, the defendant was summonsed only for the civil violation of illegal possession of alcohol by a minor; the defendant was not summonsed for an OUI charge. The defendant's arraignment date was June 5, 2002.

According to the docket, on May 8, 2002, the defendant entered a waiver for the illegal possession of alcohol by a minor charge and paid a fine (VI-02-256). On June 5, 2002, the State filed the pending OUI complaint against the defendant (CR-02-1133); the docket reflects that no uniform summons and complaint was filed. The court issued a bench warrant on June 10, 2002 because the defendant failed to appear at arraignment on June 5, 2002, which she had waived on the civil charge. On June 21, 2010, the defendant, through counsel, filed a motion to recall the warrant. The motion was

1

denied on June 24, 2010. The defendant now moves to dismiss the complaint against her.[1]

DISCUSSION

### 1. M.R. Crim. P. 48(b)(1)

The Maine Rules of Criminal Procedure allow this court to dismiss a complaint if there is unnecessary delay. See M.R. Crim. P. 48(b)(1). Rule 48 states:

> If there is unnecessary delay in bringing a defendant to trial, the court may upon motion of the defendant or on the court's own motion dismiss the indictment, information, or complaint. The court shall direct whether the dismissal is with or without prejudice.

Id. The Maine Rules of Criminal Procedure "are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." M.R. Crim. P. 2.

The Law Court has stated that "[t]he purpose of [Rule 48(b)] ensures not only a criminal defendant's constitutional right to a speedy trial, but also furthers important judicial policy considerations of relief of trial court congestion, prompt processing of all cases reaching the courts and advancement of the efficiency of the criminal justice process." State v. Wells, 443 A.2d 60, 63 (Me. 1982) (interpreting District Court Rule 48(b)) (emphasis in original).[2] In this case, more than eight years has passed since the

---

[1] The defendant moves to dismiss the complaint against her and argues that prosecution was not commenced in a timely manner under 17-A M.R.S. § 8. The defendant does not argue that the State's delay deprived her of a right to speedy trial, which is "guaranteed to all criminal defendants by the Constitutions of both the United States and the State of Maine." State v. Steeves, 383 A.2d 1379, 1381 (Me. 1978); U.S. Const. amend. VI; Me. Const. Art. I, § 6. "If there has been a denial of that right, dismissal of the charges is the only possible remedy." Steeves, 383 A.2d at 1381 (citing Strunk v. United States, 412 U.S. 434 (1973)). The four factors the court should balance in evaluating an alleged denial of the right to a speedy trial are "the length of the delay, the reasons for the delay, the defendant's assertion of his right, and prejudice to the defendant arising out of the delay." State v. Murphy, 496 A.2d 623, 627 (Me. 1985) (citing Barker v. Wingo, 407 U.S. 514, 530-533 (1972)). The defendant in this case did not claim that the State violated her right to a speedy trial.

[2] Wells was distinguished by State v. Lemar, 483 A.2d 702, 703 n.6 (Me. 1984), which noted that Wells was explicitly limited to the facts. The court in Lemar declined to decide whether the court could dismiss an

2

State filed the OUI complaint against the defendant. On this record, it does not appear that the defendant had notice of the OUI charge near the time the complaint was filed. There is no uniform summons and complaint for OUI signed by the defendant.[3] Because she had resolved the civil charge against her, she did not appear for arraignment on 6/5/02.

"Unreasonable delay in the determination of criminal actions subverts the public good and disgraces the administration of justice." Id. "A court should exercise its inherent power to dismiss only when the party bringing the action has failed to fulfill its duty to the court." See State v. Bowring, 490 A.2d 667, 669 (Me. 1985) (emphasis original).

The entry is

> The Defendant's Motion to Dismiss the Complaint is GRANTED with prejudice.

Date: /. 4. 10

Nancy Mills
Justice, Superior Court

---

action under Rule 48(b) for a delay caused by prosecutorial error. Lemar, 483 A.2d at 705. Wells was also distinguished by State v. Eaton, 462 A.2d 502, 504 (Me. 1983), which dealt with whether the District Court's dismissal of a class C offense was a bar to later prosecution on the same facts in Superior Court.

[3] The facts in State v. Hubner are similar to this case. 1987 Me. Super. LEXIS 29 (Me. Super. Ct. Jan. 27, 1987). In Huber, the State obtained an indictment on 11/16/84. The defendant was arrested on 10/15/86. Id. at *1. Neither the defendant nor his attorney knew of the indictment until his arrest. The State made no particular effort to locate the defendant after the warrant issued. Id. at *2. The Superior Court found that Rule 48(b) applied only to post-arrest situations because "the rule is designed to prevent delays in bringing a defendant to trial whose life has been disrupted as the result of his arrest." Id. at *12-13. The court relied on the U.S. Supreme Court's interpretation of the analogous federal rule. Id. at *12. However, the Huber court did not appear to address the reasoning in Wells and merely stated that "Rule 48(b) does not seem to apply in the case at hand." Id. at *13. The court denied the defendant's motion to dismiss after it determined that the defendant was not deprived of his constitutional right to a speedy trial. Id. at *11-12. The court did not appear to rely on Rule 48. Id. at *11, 13.

3

    vs
NATALIE L ERICKSON
6979 MAYFLOWER HILL
WATERVILLE ME 04901

DOB: 06/21/1982
Attorney: CHRIS NIELSEN                                State's Attorney: TRACY DEVOLL
          THE NIELSEN GROUP
          PO BOX 351
          BIDDEFORD ME 04005
          RETAINED 06/21/2010

Filing Document: CRIMINAL COMPLAINT                Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 06/05/2002

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE                 04/28/2002 WATERVILLE**
**Seq 1197  29-A  2411(1)                  Class D**
**   SELLAR              / WAT**


## Docket Events:

09/22/2010 Charge(s): 1
           TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 09/22/2010 @ 18:00

           TRANSFERRED CASE: SENDING COURT CASEID WATDCCR200201133
           FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 06/05/2002

           Charge(s): 1
           HEARING -  ARRAIGNMENT SCHEDULED FOR 06/05/2002 @ 8:30

           NOTICE TO PARTIES/COUNSEL
           Charge(s): 1
           HEARING -  ARRAIGNMENT FTA ON 06/05/2002
           WILLIAM R ANDERSON , JUSTICE
           BAIL BOND - $496.00 CASH BAIL BOND SET BY COURT ON 06/05/2002
           WILLIAM R ANDERSON , JUSTICE
           WARRANT -  FOR FAILURE TO APPEAR ISSUED ON 06/10/2002

           CERTIFIED COPY TO WARRANT REPOSITORY
           WARRANT -  FOR FAILURE TO APPEAR RECALLED ON 07/23/2010

           CERTIFIED COPY TO WARRANT REPOSITORY
           WARRANT -  FOR FAILURE TO APPEAR RETURNED ON 07/26/2010

           Party(s):  NATALIE L ERICKSON
           ATTORNEY -  RETAINED ENTERED ON 06/21/2010

           Attorney: CHRIS NIELSEN
           Charge(s): 1
           MOTION -  OTHER MOTION FILED BY DEFENDANT ON 06/21/2010

           TO RECALL WARRANT

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2010-00686

**DOCKET RECORD**

Charge(s): 1
MOTION -  OTHER MOTION DENIED ON 06/24/2010


TO RECALL WARRANT
Charge(s): 1
MOTION -  OTHER MOTION FILED BY DEFENDANT ON 07/21/2010


MOTION TO RECONSIDER DENIAL OF MOTION TO RECALL WARRANT
Charge(s): 1
MOTION -  OTHER MOTION GRANTED ON 07/21/2010


MOTION TO RECONSIDER DENIAL OF MOTION TO RECALL WARRANT
Charge(s): 1
HEARING -  ARRAIGNMENT SCHEDULED FOR 08/17/2010 @ 1:00


Charge(s): 1
HEARING -  ARRAIGNMENT HELD ON 08/17/2010
RICHARD  MULHERN , JUDGE
Defendant Present in Court


DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
Charge(s): 1
HEARING -  ARRAIGNMENT NOTICE SENT ON 07/23/2010


Charge(s): 1
PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 08/17/2010


TRIAL -  BENCH SCHEDULED FOR 09/28/2010 @ 8:30


NOTICE TO PARTIES/COUNSEL
TRIAL -  BENCH NOT HELD ON 09/22/2010


TRIAL -  BENCH NOTICE SENT ON 08/24/2010


Charge(s): 1
MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 09/13/2010


Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL GRANTED ON 09/22/2010


Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL REQUESTED ON 09/02/2010


Charge(s): 1
FINDING -  TRANSFER FOR JURY TRIAL TRANSFERRED ON 09/22/2010


AUGSC
09/30/2010 Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 09/28/2010


WATDCCR20021133
09/30/2010 HEARING -  MOTION TO DISMISS SCHEDULED FOR 11/02/2010 @ 1:15

NOTICE  TO PARTIES/COUNSEL

11/01/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 11/01/2010

MOTION TO EXCUSE DEFENDANT FROM THE CALL OF THE DOCKET

11/02/2010 HEARING -  MOTION TO DISMISS CONTINUED ON 11/02/2010
        NANCY  MILLS , JUSTICE

12/13/2010 Charge(s): 1
        TRIAL -  DOCKET CALL SCHEDULED FOR 01/04/2011 @ 10:15

12/21/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 12/21/2010

REQUEST TO EXCUSE DEFENDANT FROM CALL OF THE DOCKET.

12/29/2010 MOTION -  OTHER MOTION GRANTED ON 12/22/2010
        ROBERT E MURRAY JR, JUSTICE
        REQUEST TO EXCUSE DEFENDANT FROM CALL OF THE DOCKET.

01/04/2011 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 01/03/2011

        Attorney:  CHRIS NIELSEN

01/10/2011 Charge(s): 1
        TRIAL -  DOCKET CALL NOT HELD ON 01/04/2011

01/10/2011 ORDER -  COURT ORDER FILED ON 01/04/2011
        NANCY  MILLS , JUSTICE
        ORDER ON MOTION TO DISMISS: THE DEFENDANT'S MOTION TO DISMISS THE COMPLAINT IS GRANTED
        WITH PREJUDICE.

01/10/2011 ORDER -  COURT ORDER ENTERED ON 01/04/2011

01/10/2011 Charge(s): 1
        FINDING -  DISMISSED BY COURT ENTERED BY COURT ON 01/04/2011
        NANCY  MILLS , JUSTICE

A TRUE COPY
ATTEST:  _____
                     Clerk